JAMES R. CRAIG, Appellant, v. CHICAGO AND ALTON
RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, December 22, 1891; Motion for
a Rehearing Overruled, October 2, 1893.

1. Master and Servant: DUTIES OF MASTER. It is the duty of the
master to furnish his servant with the requisite force, and with suit-
able appliances, for the accomplishment of the work in which the
servant is engaged.

2. ———: RISKS ASSUMED BY SERVANT. The rule that the servant takes
the risks of the service, which includes the negligence of fellow ser-
vants, presupposes that the master has secured proper servants and
proper machinery for the conduct of the work. Hence the master is
answerable for injury to his servant, if his failure to discharge his
duty in these respects concurs with the negligence of a fellow servant
in causing that injury.

3. ———: CONTRIBUTORY NEGLIGENCE. The evidence in this cause is
considered, and is held (THOMPSON, J., dissenting) to conclusively
establish contributory negligence on the part of the plaintiff, and
therefore, to debar a recovery for the injuries sued for.

*Appeal from the Louisiana Court of Common Pleas.*—
HON. JOHN W. MATSON, Special Judge.

AFFIRMED.

*Fagg & Ball,* for appellant.

The chief point relied upon by the appellant for the reversal of this cause is the giving of the instruction at the conclusion of the evidence offered by plaintiff, withdrawing the case from the consideration of the jury. This was manifest error. *Conroy v. Vulcan Iron Works,* 62 Mo. 39; *Stoddard v. Railroad,* 65 Mo. 514; *Thorp v. Railroad,* 89 Mo. 650; *Devlin v. Railroad,* 87 Mo. 545; *Bridges v. Railroad,* 6 Mo. App. 389; *Dale v. Railroad,* 63 Mo. 455; *Huhn v. Railroad,* 92 Mo. 440; *Stephens v. Railroad,* 96 Mo. 207; *Soeder v. Railroad,* 100 Mo. 673; Wood's Master & Servant, sec. 359; *Grant v. Railroad,* 25 Mo. App. 227; *Taylor v. Short,* 38 Mo. App. 21; *Fugler v. Bothe,* 43 Mo. App. 44.

*Geo. Robertson,* for respondent.

The defendant is not liable for the negligence of a fellow servant. *Lee v. Detroit etc. Works,* 62 Mo. 565; *Moran v. Brown,* 27 Mo. App. 487. When a plaintiff seeks to recover damages for a personal injury caused by the incompetency of a fellow employe, he must prove the incompetency of the fellow employe and that it was known to defendant or its officers, and that the direct cause of the injury was such employe's unfitness. *Zumwelt v. Railroad,* 35 Mo. App. 661; *Huffman v. Railroad,* 78 Mo. 50. The servant assumes the ordinary and natural risks incident to the employment. *Renfro v. Railroad,* 86 Mo. 332; *Price v. Railroad,* 77 Mo. 508; *Porter v. Railroad,* 71 Mo. 66; *Steffin v. Mayer,* 96 Mo. 420. When the risk is such as to be perfectly obvious to the sense of any man, the servant will be held to have assumed it. *Keegan v. Kavenaugh,* 62 Mo. 230; *Nolan v. Shickle,* 3 Mo. App. 300; *Cum-*

*mings v. Collins*, 61 Mo. 520.   There is no obligation on
the defendant to furnish appliances or machinery to its
servants to work with, when the work can be done by
hand, nor is it bound to furnish absolutely safe
appliances.   *Huhn v. Railroad*, 92 Mo. 440; *Tabler v.
Railroad*, 93 Mo. 97; *Bowen v. Railroad*, 95 Mo. 268.

BIGGS, J.—This is an action for personal injuries.
The circuit court sustained a demurrer to plaintiff's
evidence, and he thereupon submitted to a non-suit.
The court having refused to set aside the non-suit, the
case has been appealed to this court.

The plaintiff's evidence concerning the accident
tends to prove that on the tenth day of November,
1888, he was in the employment of the railroad com-
pany as a bridge carpenter; that John Sneed was his
foreman and had full charge of the gang of workmen
to which the defendant belonged; that on the day
mentioned Sneed ordered the plaintiff and James
Lonergan, another carpenter, to move some pieces of
timber, which were lying across a bridge trestle, from
one side of the piling to the other; that the timbers
were eighteen feet long, eight inches wide and six
inches thick, and the ends rested on four other timbers
of a smaller size, which extended lengthwise of the
bridge and were fastened on both sides of the piling;
that the plaintiff and Lonergan were required by Sneed
to do this work without any headlines or other appa-
ratus ordinarily used in such work, and that, while
they were trying to accomplish the task, one of the
pieces of timber slipped off the trestle, thereby tilting
the other end up, and in this way the plaintiff's leg
was caught between the timber and other superstruct-
ure of the bridge.   In connection with this accident
the defendant was charged with negligence: *first*, in
employing Lonergan, who was known to the defendant

to be an incompetent and inexperienced mechanic, and whose negligence contributed to the plaintiff's injuries; *second*, in requiring the plaintiff and Lonergan to do work which could not be safely done with less than four or five men; *third*, in failing to furnish machinery with which to remove the timber, instead of having it done by hand.

The evidence tends to show that Lonergan was a carpenter of ordinary experience, but that he was somewhat reckless in performing his work. This latter fact was not brought to the attention of the defendant until after the accident, and in fact there is no proof that he was reckless or careless until the accident and afterwards. This justifies the conclusion that the defendant was not negligent in hiring Lonergan. On the other branches of the case the evidence tended to prove that the work assigned could not have been safely done with less than five men, and that under any circumstances the only proper and safe way was to use either head-lines or a block and tackle, so as to take away all chances of the timbers slipping from the trestle.

In *Stoddard v. Railroad*, 65 Mo. 514, the supreme court held that a failure on the part of the master to furnish the requisite force to safely accomplish any work was negligence. It is also the law that, if the master fails to supply the servant with suitable appliances for the proper discharge of the duties imposed, he fails in his duty to the servant. In the present case the evidence tends to prove that the defendant was remiss in both respects, and it is for us to determine whether the plaintiff was guilty of contributory negligence in attempting to do the work, or whether the accident was brought about by some cause other than the negligence imputed to the defendant. In either case the defendant is not liable.

Whether the plaintiff was guilty of legal negligence in attempting to accomplish the work with the assistance of only one man, and without the usual appliances, is a question concerning which the members of this court are not in accord. (*Fugler v. Bothe,* 43 Mo. App. 44.) As we are of the opinion that the plaintiff's action must fail for other reasons, it will not be necessary to discuss the question.

The plaintiff's own evidence showed that, at the time of the accident, he was standing on the outside timber running lengthwise, and was astride the timber that was being moved; that Lonergan was standing on the inside timber on the opposite side of the trestle, and that they were facing each other. But the statement is made in the plaintiff's brief that, on account of the superstructure, the plaintiff could not see what Lonergan was doing. In this position they were shoving the timber towards to plaintiff, so as to get the end next to Lonergan on the opposite side of the piling, and in doing so the timber was slipped too far. The plaintiff describes the accident in this way: "I was standing on this trestle here and Lonergan on that (pointing to model). I was launching the timber to me, and he was shoving it. We got it, it must have been six or eight inches. I asked if it was not about as far as it would stand, and he (Lonergan) says, 'no, you can pull it a *foot*, yet,' and I pulled it again, I guess about two and a half or three inches, and it fell and caught my leg."

If the plaintiff had not been standing astride of the timber, the strong probabilities are that he would not have been hurt. He voluntarily assumed the position of the greatest danger without any necessity therefor. He could as well have stood on the inside of the trestle, which was a much safer place, and it might be said was comparatively free of danger. In

doing so he would probably have been compelled to stand with his back to Lonergan, but, as it was, he could not see what Lonergan was doing, and in this respect he would have been at no greater disadvantage in the one position than the other. This shows that the plaintiff by his own negligence directly contributed to his injuries, and this of itself was fatal to his action.

It is true that Lonergan was guilty of negligence, and this neglect on his part directly contributed to plaintiff's injuries. Lonergan told the plaintiff that the timber could with safety be moved a *foot* farther, whereas the plaintiff moved it not exceeding three inches when it fell. The rule that the servant takes the risks of the service, which includes the negligence of co-servants, supposes that the master has secured proper servants and proper machinery for the conduct of the work. Hence, if the defendant in this case was negligent in these respects, and injury to the plaintiff resulted from such neglect, the defendant is liable, although the immediate negligence was that of Lonergan. The negligence of the defendant concurred, and this fixed the liability. *Booth v. Railroad*, 73 N. Y. 38; *Fisk v. Railroad*, 72 Cal. 38.

The judgment of the lower court will be affirmed. Judge ROMBAUER concurs. Judge THOMPSON dissents.

THOMPSON, J. *(dissenting).*—I am unable to agree to the result in this case, because I think that the question, whether the plaintiff was guilty of such recklessness as ought to bar a recovery on the ground of contributory negligence, cannot be decided as a question of law, but is a question for a jury. But, with that exception, I agree to the discussion in the opinion.

The Mississippi River & Bonne Terre Ry. Co. v. Jones.

ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The motion in this case was continued under advisement to await the decision of the supreme court in *Fugler v. Bothe*, reported in 43 Mo. App. 44, and certified to the supreme court, as the decision of that case one way or the other would decide the proposition left undecided in this case. The supreme court has since decided that case in a manner furnishing an *additional* reason for upholding our judgment herein. The motion for re-hearing will, therefore, be overruled. All the judges concur.