T. R. KILMER, Respondent, v. CONNECTICUT ZINC CORPORATION, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **MASTER AND SERVANT:** Miner, Working with Back Towards Hole Through which Rocks were Being Dropped, held Negligent.

One employed in a mine, in which ore was dropped from one drift to another through pull holes, to warn workmen that dirt and rock were coming, and also to break up large boulders, and who, in breaking a boulder, stood with his back towards the pull hole when he could have faced it, and was struck by a rock, was guilty of negligence contributing to the injury.

2. ————: **Employee, Taking Dangerous, Instead of Safe, Position, cannot Recover.** When a servant voluntarily and unnecessarily puts himself in a dangerous position, when there are other positions which he may take in connection with the discharge of duty and which are reasonably safe, he is guilty of negligence barring a recovery.

Appeal from the Circuit Court of Jasper County.— *Hon. Joseph D. Perkins,* Judge.

REVERSED.

*McReynolds & Blair, Ray Bond,* and *John L. Flanigan,* for appellant.

(1) When plaintiff turned his back to the danger of falling rock, when he might have faced it, in safety, he was guilty of contributory negligence, as a matter of law 26 Cyc. 1249, 1257, and 1258; Montgomery v. Railroad, 109 Mo. App. 88; Sparks v. Railroad, 31 Mo. App. 114, 115; Schiller v. Breweries Co., 156 Mo. App. 579, 580; Craig v. Railroad, 54 Mo. App. 527; Smith v. Box Co., 193 Mo. 737; Degonia v. Ry. Co., 123 S. W. 816, 224 Mo. 5 Doerr v. Brewing Association, 176 Mo. 556, 557; Van Dyke v. Railroad Co., 130 S. W. 7, 230 Mo. 259. (2) Plaintiff's failure to watch out for falling boulders, when that was his contractual duty, constituted contributory negligence, or assumption if risk. 26 Cyc. 1105, 1106; Gleeson v. Mfg. Co., 94 Mo. 206; Roberts v. Telephone Co., 69 Mo. 383; Rowden v. Mining Co., 117 S. W. 697, 136 Mo. App. 376; Knorpp v. Wagner, 195 Mo. 663, 668; Hulse v. Home Tel. Co., 147 S. W. 1124, 164 Mo. App. 126; Gordy v. Coal & Coke Co., 132 S. W. 21, 151 Mo. App. 455; Tallman v. Nelson, 125 S. W. 1184, 141 Mo. App. 589. (3) Defendant was under no duty to furnish an extra watchman

to warn plantiff, wherefore: (a)   The plaintiff wholly failed to make a case: or, (b) Defendant's Instruction E should have been given.   Corniff v. Railroad, 124 Kentucky, 763, 99 S. W. 1155, Ring v. Railroad, 112 Mo. 220; Coleman v. Railway, 23 Ken. 401, 63 S. W. 39; Maher v. Co., 169 App. Div. N. Y.) 1; Cited in 144 Mo. App. 470; Silas v. Lighting Co., 73 Vt. 35, 50 Rep. 554; McGorty v. Tel. Co., 38 Atl. 359, 69 Conn. 635; Flynn v. Campbell, 35 N. E. 453, 3 Labatt on Master & Servant, (2 Ed.), sec. 1113, page 2943.

W. R. Shuck for respondent.

(1) In Stevens v. Railroad, 96 Mo. 207, the court says: "It is held in so many cases where the servant knowingly incurs the risk of defective machinery, still if not so defective as to threaten immediate injury, it is for the jury to determine as to whether there was negligence upon his part," and in connection with that case, the court included the following language, from Thompson on Negligence, approving such doctrine: "If the master orders the servant into a situation of danger and he obeys and is injured thereby, the law will not deny him a remedy against the master on the ground of contributory negligence, unless the danger was so glaring that no prudent man would have entered into it, unless where he was not entirely free from choice."   In Rigsby v. Oil Well Supply Company, 115 Mo. App. 297, it is said: "A servant has a right to agree to use implements which are not in perfect order if he desires to uphold otherwise abridges unnecessarily the freedom of contract." On the other hand, courts should be careful about presuming that a servant accepts a particular risk, unless the conclusion is inevitable whether he freely consented to the risk or was constrained in some manner, such as fear of losing his employment, is a question for the jury.   In the case of Jewell v. Bolt Company, the court says: "The usual and legal duty of every employer is to provide all means for the safety of those in his employment."

FARRINGTON, J.—The plaintiff recovered a judgment against defendant for personal injuries which he received while working as a watchman and boulder popper in a mine owned and operated by the defendant company. It is a master and servant case.

The ground in which the defendant was operating its mine was old mining ground which had been operated for a good many years, and the ore was dropped from one drift to another through what was called "pull holes." That is, the ore was shot out in an upper drift, dropped through these pull holes to a drift below, or more accurately, was fed through the pull holes, they being funnel shaped, and as the ore would go through it would fall to the lower drift and pile up close to the ceiling in the lower drift making a pile cone-shaped, and as the ore would come through the pull hole it would run down the sides of this pile which stacked up on the lower drift making the outside of the cone run at an angle, from the floor up to the pull hole, of something like 45 degrees. When rocks and boulders would come through they would roll down this incline to the floor below where men were at work shoveling it up into cans and carrying it away to a shaft. In order that these shovelers might be protected from rocks that would come bouncing down this incline and injuring them, the plaintiff was hired to stand there and watch when this dirt and rock would start rolling down and give them warning so they could get out of the way. The shovelers shoveling the dirt from the foot of the slope naturally made the dirt and rock, by force of gravity, come rolling down from the top. In connection with his duties to watch for the boulders and rock which would roll down, he was also given the duty of breaking those boulders which were too big for the shovelers to put into cans and in doing this he drilled holes with a hand drill or jack-hammer, operated by compressed air, ordinary tool that was used in and about mining dis- and which could be handled by one man. It was the

tricts for drilling small holes. On the day of his injury there had been several boulders come down, and it was the duty of these watchmen, there being some four or five in the mine, to watch and give warning and to break the boulders. Plaintiff had been working in this double capacity for more than four months before the accident. On the day of the accident there was a boulder at the foot of the slope or on the platform, which needed breaking. The dirt had been removed from around the foot or face of the boulder and back on the sides, and it became necessary to get this one out of the way. It was about four or five feet high. The plaintiff took the hand drill, or jack-hammer, got on top of this boulder and was drilling a hole in the top of it, with his back turned toward the pull hole or place where the rock and dirt were coming through to the lower drift. The testimony shows that he exercised his own judgment as to where and how to drill in the boulders. It is also shown that he could have stood with his face toward the pull hole where he could see the dangerous rock, if any were coming down, and could have drilled a hole in this particular boulder. While in this position, with his back to the danger, a rock came down and hit him in the back of the head or neck, causing him the injury for which he brought the suit.

As we read plaintiff's petition, his charge of negligence is that the defendant failed to provide a watchman for him when he was required by his employment to quit his employment of watching for the other men and was required to break the boulders. Without determining whether that would constitute evidence of negligence on defendant's part, we think the facts clearly preclude the plaintiff from a recovery. He was entirely familar with the situation, but as he says, sometimes there would be very few boulders which would come down in a day and at other times there would be tons that would come through and roll down, and that there was no way to tell when they would start, and that the only way of avoiding them was to watch and get out

of the way when they started. He had been doing this same work for a period of four months and knew that when he went to break boulders, which he was doing when he was hurt, that no one was there to watch for him and give him warning, and yet with this knowledge he so placed himself and his drill that in doing the work his back was turned toward the place where he must momentarily expect danger. The admitted testimony shows that this boulder was free on at least one side, against which he could have drilled and kept his face toward the top of the slope, and in doing it in this way he could have at least partially acted as his own watchman for danger. The testimony also shows that he was given the entire control of saying when and how he would break these boulders.

Whether his master was negligent in the manner of employment and in a failure to keep an extra watchman while he was drilling the hole or not, surely his action and conduct in turning his back on the spot where he might expect danger at any time was a failure to exercise such care as a reasonably prudent person ought to exercise under such circumstances, and to say that his failure to occupy a position where he could have seen the danger himself in no way contributed to the injury which he received, would be entering the field of conjecture.

The law is reasonably well settled in this State that where a servant voluntarily and unnecessarily puts himself in a dangerous position, where there are other positions which he may take in connection with the discharge of his duty, which are safe or reasonably so, constitutes negligence and bars a recovery. [See 26 Cyc. 1249; Also, 26 Cyc. 1257, 1258; Schiller v. K. C. Breweries Co., 156 Mo. App. 569, 137 S. W. 607; Montgomery v. Railroad, 109 Mo. App. 88, 83 S. W. 66; Craig v. Railroad, 54 Mo. App. 523; Doerr v. Brewing Ass'n, 176 Mo. 547. 75 S. W. 600; Degonia v. Railway Co., 224 Mo. 564, 123 S. W. 807; Rogers v. Tegarden Packing Co., 185 Mo. App. 99, 170 S. W. 675.]

It will be borne in mind in this case that the plaintiff was not stopped from one line of his employment and sent to do a different employment from that for which he was hired, but he was employed and had been for several months to do the very thing that he was doing when he was injured. He, therefore was cognizant of the fact that no one other than himself was provided by the defendant to look out for falling rocks. With this knowledge, his action in deliberately placing himself so that he could not possibly see and avoid the danger which he could momentarily except, can be classed as nothing short of negligence on his part. The judgment is therefore reversed. *Bradley, J.,* concurs. *Cox, P. J.,* not sitting.