ALICE JACKSON, Respondent, v. THE OLD DOMINION MINING COMPANY, Appellant.

Springfield Court of Appeals, December 5, 1910.

1. **NEGLIGENCE: Burden of Proof: Proximate Cause.** In all actions founded upon negligence it is the duty of plaintiff to prove with reasonable certainty, first, the act of negligence complained of, and second, that the injury resulted to plaintiff therefrom.

2. **MASTER AND SERVANT: Duty of Master: Negligence.** A master is not an insurer of the safety of his servant, but is only required to use ordinary care to secure his safety.

3. ———: ———: ———: **Failure to Furnish Sufficient Assistance.** Plaintiff's husband, a carpenter of considerable experience in the work he was doing at the time of the accident, was standing upon the top of a pier and was attempting alone to move a sill, so as to place it in position. While in this act he fell off and was killed. The sills were pine, six inches square and from twelve to sixteen feet long. There was evidence that it was usual and customary in placing the sills in position to have a man at each end, and in a suit for damages for the death of her husband, plaintiff grounded her cause on the negligence of defendant in not furnishing sufficient men to help the deceased in his work. *Held*, that as to the work

deceased was doing at the time of the accident, it did not appear that it would have been any safer if another man had been upon the next pier assisting in moving the sill, nor did it appear that the failure to have an assistant caused deceased to fall, nor how an assistant could have prevented the falling of deceased.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

REVERSED.

*McIndoe & Thurman* for appellant.

(1) The master is not obliged to furnish the safest and best appliances or to do the work in any particular manner. He is not an insurer. Sutherland v. Lumber Co., 130 S. W. 40; Saversnick v. Schwarzchild & Sulzberger, 141 Mo. App. 509; Dickerson v. Jenkins, 128 S. W. 220; Brands v. Car Co., 213 Mo. 699; Bundle v. Mfg. Co., 189 Mo. 552; Wendall v. Railroad, 100 Mo. App. 556; Fulger v. Bothe, 117 Mo. 500; Grover v. Bolt & Nut Co., 153 Mo. 327; Lee v. Gas Co., 91 Mo. App. 612. (2) The plaintiff's husband knew the exact conditions under which he was working. There was nothing hidden or obscure. If there were any dangers, the dangers were obvious to him and the demurrer should have been sustained. Berry v. Nedart, 56 Mo. App. 443; Marshall v. Hay Press Co., 69 Mo. App. 256. (3) There must be a casual connection between negligence and the injury complained of. Two helpers were helping the deceased. One of the helpers was by him on the pier, picking up a tape line. The deceased evidently was doing something without the aid of the helper. Hence, there is no connection between the negligence complained of and injury complained of. Fowler v. Elevator Co., 127 S. W. 616; Brands v. Car Co., 213 Mo. 698; Stokes v. Distillery Co., 64 Mo. 528; Harper v. Bridge Co., 187 Mo. 575.

151 App—41

*Thompson & Thompson* for respondent.

(1) The court properly refused defendant's instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, and again at the close of all the evidence. The evidence, both positive and circumstantial, shows that the defendant was negligent in failing to provide a sufficient force to do the work, and deceased was injured in consequence thereof. Meily v. Railroad, 215 Mo. 567; Stoddard v. Railroad, 65 Mo. 519; Craig v. Railroad, 54 Mo. App. 526; McKeon v. Railroad, 43 Mo. 406; Fogus v. Railroad, 50 Mo. App. 250; McMullen v. Railroad, 60 Mo. App. 231; Halweg v. Telephone Co., 195 Mo. 149; Parsons v. Mayfield, 73 Mo. App. 311; Finley v. Railroad, 73 Mo. App. 643; Smith v. Coal Co., 75 Mo. App. 180; Scott v. Springfield, 81 Mo. App. 312; Bokamp v. Railroad, 123 Mo. App. 270, 100 S. W. 689; Windler v. Furniture Co., 165 Mo. 527.

COX, J.—Action for damages for the death of plaintiff's husband alleged to have been caused by the negligence of defendant in not furnishing sufficient men to help the deceased in his work. Trial by jury, verdict for plaintiff for two thousand dollars, and defendant has appealed.

The evidence shows the defendant to have been engaged in preparing a foundation on which to build a mining jig. This foundation was prepared by building concrete piers, some six feet long, with a surface ten inches wide at the top and by putting sills across from one pier to another; then a floor was to be laid on top of these sills and the jigs placed thereon. Plaintiff's husband was on top of the east pier for the purpose of putting the sills in place when he fell off and was killed. While no one was able to explain the circumstances under which he fell with any degree of accuracy yet the evidence indicates that at the time of

the accident he was standing on top of the pier and astride of a sill that was six inches square and from twelve to sixteen feet long over which he was stooping evidently with the intention of pushing the sill endwise.  He was seen in that position and the next seen of him he had fallen to the ground and the sill which he was attempting to move had balanced over the next pier west and had also fallen.  This is all the evidence shows as to how he came to fall.  The evidence further shows that there were at least three men engaged in the work of carrying these sills from where they were located on the ground and putting them in place on the piers.  There is some evidence that one man by the name of Christian was especially designated to assist the deceased in placing the sills, but at the time of the accident he was out of the building and plaintiff was on the pier alone.

There was evidence that it was usual in placing the sills in position on the piers to have one man at each end and that if there were one man at each end they could, in moving the sills endwise, balance against each other and thus move the sill with more safety, but just how this would be so is not explained.

The deceased was sixty-two years old, a carpenter by trade, a man of experience, and had worked for several years at similar work to that in which he was engaged at the time of his death.

Numerous errors are assigned but we shall only give attention to one, and that is, the refusal of the court to sustain a demurrer to the testimony.

The negligence alleged in the petition, and on which the case went to the jury, is the failure of the defendant to furnish a sufficient number of men to perform the work in which plaintiff was engaged.  If this allegation was sustained by the proof it was sufficient. [McMullen v. The M., K. & T. Ry. Co., 60 Mo. App. 231, and cases cited.]

But in all actions founded upon negligence it is the duty of plaintiff to prove with reasonable certainty, first; the act of negligence complained of, and second, that injury resulted to plaintiff therefrom. [Warner v. The Railroad, 178 Mo. 125, 77 S. W. 67; Wilkerson v. The Railroad, 140 Mo. App. 306, 124 S. W. 543.]

Looking to the testimony in this case we find that the deceased was sixty-two years of age, but strong and in good health. He was a carpenter of several years' experience in the kind of work in which he was engaged at the time of his death. He and two or three other men were assigned to the work of carrying pine sills, six inches square and from twelve to sixteen feet long, and placing them upon concrete piers which at the point where deceased received his injury were some eight or nine feet high and six feet long with a ten inch surface on top. The deceased was directed to a position on one of these piers and his work was to place the sills in place when they were put upon the piers by the other men. Giving the plaintiff the most liberal construction which the testimony will bear in her favor we find that at the time of the accident her husband was standing on one of these piers astride of a sill, six inches square and from twelve to sixteen feet long, one end resting on the pier on which he was standing, the sill then extending from him over another pier some seven or eight feet distant, and he was in the act of shifting this sill endwise in the direction away from the pier on which he was standing. While engaged in this work he fell. This is all that we know from the testimony of the circumstances of the fall. The evidence clearly shows that the work of placing the sills upon the piers was done in the usual and ordinary way, and that the deceased was entirely familiar with the work, and while there was some evidence that ordinarily two men should be used on the piers—one at each end of the sill—yet it does not ap-

pear that so far as deceased was concerned the work in which he was engaged at the time of the accident would have been any more safe for him if another man had been on the pier immediately west of him. The plaintiff's evidence shows that when her husband fell the sill which he was attempting to move balanced over the pier immediately west of the one on which he was working and fell to the ground. From this it appears certain that had a man been on the next pier he would not have been at the end of the sill for the reason that the sill was from twelve to sixteen feet long, and the piers not more than six or eight feet apart, and it must have been placed in such a position that it did not have to be pushed very far in order to balance over the second pier. Therefore, a man standing on the second pier would, in attempting to assist plaintiff, have been lifting near the middle of the sill. The evidence does not disclose the particulars as to how the deceased came to fall, but from the physical facts attending the accident the only reasonable inference to be drawn is that he had taken hold of the sill at the pier on which he was standing and undertook to move it endwise by pushing it from him and that in doing so he pushed it a little farther than he had intended, and in that way lost his balance and fell. While there is some testimony that if a man was at each end of the sill they could, in moving it, balance each other and thus render the movement more safe, there is no evidence that it was unsafe for the deceased to undertake to move it without the assistance of another man on the next pier, and we can see no reason why such action upon his part would be unsafe. The weight of the sill would cause it to bind upon the second pier, and that would of itself act as a stay to the movement of the sill. The real cause of the injury, so far it is possible to gather it from the evidence and the physical facts in this case, was that the deceased when he un-

dertook to push the sill from him made a mistake in his judgment as to the proper amount of force to apply to it and, hence, gave it a stronger push than was required, and not only pushed the sill farther than he intended, but caused his own body to lean over to such an extent that he lost his balance and fell. We cannot conceive how a man standing on the next pier and assisting him in moving the sill would have prevented this accident, but if it would have been possible for him to have prevented it this still does not make the defendant guilty of negligence in this case for the master is never the insurer of the safety of his servant, but is only required to use ordinary care to secure his safety. To our mind it does not require the testimony of an expert to determine that a strong man who is an experienced carpenter, placed in the position in which deceased was placed, could with safety to himself pick up one end of a pine sill six inches square and from twelve to sixteen feet long, resting upon another pier eight feet from the one on which he was standing and push it from him without injury to himself. This being true, there was no evidence then of negligence on the part of defendant in failing to place another man upon the second pier to assist the deceased in moving this sill.

It is also clear to us that the evidence wholly fails to show that the failure to have another man to assist the deceased in placing this sill did, in fact, cause the injury.

For the reasons stated the defendant's demurrer to the testimony should have been sustained. The judgment is, therefore, reversed. All concur.