MAX E. LEVECKE, Respondent, v, CURTIS & COMPANY MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals.   Argued and Submitted March 6, 1917.   Opinion Filed April 3, 1917.

1. MASTER AND SERVANT: Injury to Servant: Failure of Master to Furnish Helpers. In an action against an employer for injuries received by an employee by reason of heavy machinery falling upon him while he was endeavoring, with the aid of other employees, to fasten it to a wall, the question whether defendant was guilty of negligence in failing to furnish a sufficient number of assistants for plaintiff to enable him to handle the machinery *held*, under the evidence, for the jury.

2. ———: ———: ———. The failure of a master to furnish his servant with a sufficient number of fellow employees to enable him to perform his work with reasonable safety is negligence, and the master is liable to the servant for an injury resulting from such failure.

3. ———: ———: ———: Nondelegable Duty. The duty of the master to furnish his servant with a sufficient number of fellow employees to enable him to perform his work with reasonable safety is nondelegable.

4. ———: ———: ———: Contributory Negligence. In an action against an employer for injuries received by an employee by reason of heavy machinery falling upon him while he was endeavoring, with the aid of other employees, to fasten it to a wall, it was shown that the foreman in charge of that department imperatively directed plaintiff to install the machinery on the wall and that he furnished plaintiff with only two helpers and told him to request other employees to assist, but such other employees refused to assist, and the machinery fell because the force was inadequate to handle it. *Held*, that plaintiff was not negligent as a matter of law

in attempting to install the machinery with the inadequate force, since the danger was not so apparent as to justify him in refusing to do the work and thereby run the risk of being discharged for failing to obey orders.

5. ———: ———: ———: ———. Even though plaintiff was a superior, so far as concerned the men working with him, or so far as doing this particular work was concerned, he was not guilty of contributory negligence in going ahead with the work, pursuant to the imperative order given him by his foreman, instead of reporting to his employer the failure of the other employees to render him assistance and refusing to do the work until help was furnished, since neither the employer nor any other superior was present and the work was not so obviously dangerous as to warrant him in refusing to do it without such assistance.

6. ———: ———: ———: Instructions. In such case, held that the court did not err in giving instructions requested by plaintiff nor in refusing instructions requested by defendant.

7. ———: ———: Contributory Negligence: Instructions. In an action against an employer for personal injuries sustained by an employee, an instruction that, although the jury might believe that the work plaintiff was engaged in performing was unsafe and dangerous, in the manner in which plaintiff was doing it, and that plaintiff was apprised of that fact, "yet, if the hazard and danger was not of such an imminent and threatening character as to prevent a reasonable and prudent person from undertaking the same, then plaintiff did not assume to do said work at his own peril, and was only required to exercise ordinary care incident to the situation and the character of the work," was not erroneous as falling within the condemnation of Bradley v. R. R., 138 Mo. 293.

8. DAMAGES: Personal Injuries: Excessiveness of Recovery. In an action for personal injuries, held that a consideration of the evidence concerning plaintiff's injury and the probability that it is permanent and the certainty that it resulted in a diminution of earning capacity warranted a recovery for $3500.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Charles E. Morrow* for appellant.

(1) The demurrer to the evidence should have been sustained. (a) The plaintiff was left in charge of the men under him with power to direct and control

them, and was a vice-principal. Miller v. Railroad, 109 Mo. 350; Hunt v. Lead Co., 104 Mo. App. 377; Browning v. Kasten, 107 Mo. App. 59. Defendant had a right to and did delegate to plaintiff the power to call other employees to help him. Knorp v. Wagner, 195 Mo. 637; Denker v. Milling Co., 135 Mo. App. 340, 344; Klein v. Shoe Co., 91 Mo. App. 102. (b) The refusal of other employees to assist the plaintiff was in no way due to the fault of defendant, for the defendant had no notice that they had refused. Parker v. Railroad, 18 R. I. 773; Railroad v. Barber, 5 Ohio St., 563; Westenitz v. Goldman, 154 N. Y. App. Div. 829; 3 Labatt's Master and Servant, page 2914. The situation is analogous to the temporary absence of a servant without the master's knowledge. 26 Cyc. 1293; Parker v. Railroad Co., 18 R. I. 773; National Tube Co. v. Bedell, 96 Pa. St. 175; 3 Labatt's Master and Servant, page 2914. (c) The defendant was not bound to anticipate that other employees which it knew would be at the plant, two of whom had helped place the motor in the afternoon before, would refuse to assist the plaintiff in this simple task, and when they did refuse, it was the duty of the plaintiff to notify his master and call for more help, and until notice of the fact that they had refused defendant cannot be held liable. Railroad v. Barber, 5 Ohio St. 563; 26 Cyc. 1293. (d) The plaintiff was an expert and also a vice-principal representing the master, and when the workmen refused to assist him it was his duty to report this fact to the master and not to go ahead with the work with insufficient help, and he was guilty of contributory negligence in undertaking to do the work with insufficient help. Knorp v. Wagner, 195 Mo. 637; Roberts v. Telephone Co., 166 Mo. 370; Brundell v. Mfg. Co., 198 Mo. 552; Fogus v. Railroad, 50 Mo. App. 250, 263; Railroad v. Barber, 5 Ohio St. 563. (2) Instruction numbered 7, given by the court on behalf of the plaintiff, is erroneous. It is not enough that the defendant's negligence, combined with the act of the plaintiff's fellow-servant to cause the injury, and that the

plaintiff would not have been injured except through' the combined negligence of such fellow-servant and the negligence of the defendant; but it is necessary that the negligence of the defendant complained of concurred with that of plaintiff's fellow-servant, and became a part of the direct and proximate cause of the plaintiff's injury. Harrison v. Kansas City Elec. Light Co., 195 Mo. 606, 623; Smith v. Fordyce, 190 Mo. 1, 21; Freeman v. Telephone Co., 160 Mo. App. 271, 279; Mertz v. Rope Co., 174 Mo. App. 94, 108, 109; Small v. Ice & Fuel Co., 179 Mo. App. 456, 460, 461. In order to make the defendant liable for its concurring negligence with the negligent act of plaintiff's fellow-servant, it is necessary for the plaintiff to show that the negligent act of the defendant was the efficient cause of the injury, Mertz v. Rope Co., 174 Mo. App. 94; Small v. Ice & Fuel Co., 179 Mo. App. 456, 461. Did the act of plaintiff's fellow-servant break the causal connection between the defendant's alleged negligence and the plaintiff's injury? Was it such as intervening independent act as to break the chain of causation? That is the real question. Browning v. Railroad, 124 Mo. 70. (3) The court erred in giving instruction numbered 6 for the plaintiff, which told the jury that the plaintiff was not guilty of contributory negligence unless the danger and hazard of the undertaking was of such an imminent and threatening character as to prevent a reasonably prudent person from undertaking it. Bradley v. Railroad, 138 Mo. 293, 309, 310. This instruction ignores a question in the case as to whether or not the method of doing the work employed by plaintiff was usual and customary and absolves him of contributory negligence unless the danger was so imminent and threatening that a reasonably prudent person would not have attempted to do it. (4) Instruction numbered 1 given on behalf of the plaintiff is erroneous in stating to the jury that defendant was liable if it failed to furnish a reasonably sufficient number of men to do with reasonable safety the work, "taking into consideration the kind of appliances which were furnished

by the defendant with which to do said work.'' The plaintiff himself was an expert and a vice-principal. There is no claim that the defendant failed to furnish sufficient appliances and there was a question as to whether or not the plaintiff had availed himself of the ordinary appliances used in such work and at hand, such as blocks, and was doing the work in the usual and ordinary way, and for that reason the instruction is erroneous.

*Claud D. Hall* and *E. W. Mills* for respondent.

(1) It was the defendant's duty to furnish plaintiff sufficient men to do the work in hand at the time. 3 La Batt on Master & Servant, sec. 1107, pages 2912 and 1469, Note 4, also sec. 1503; McMullen v. Railroad, 60 Mo. App. 231; Boden v. Demwolf, 56 Fed. 846; Alabama G. S. Ry. Co. v. Vail, 142 Ala. 134; Dair v. N. Y. P. Steamship Co., 124 N. Y. Supp. 295; Hardy v. Carolina, C. R. Co., 76 N. C. 5; Flike v. Railroad Co., 53 N. Y. 549; Di Bari v. J. W. Bishop Co., 199 Mass. 254; Fitter v. Telephone Co., 143 Iowa, 689; Ill. Central Ry. Co. v. Langan, 116 Ky. L. 318; Southwest Imp. Co. v. Smith, 85 Va. 306; 26 Cyc. 1292. (a) The master's duty to furnish a sufficient number of men is a continuing duty. 3 La Batt on Master & Servant, sec. 1107, p. 2913; Bonn v. Railroad, 82 S. W. 808 (Tex. Civ. App.); Aleckson v. Railroad Co., 101 App. Div. 399; 26 Cyc. 1292. (2) Whether the master has furnished a sufficient number of men is primarily for the jury. 3 La Batt on Master & Servant, sec. 1108, page 2915; McMullen v. Railroad, 60 Mo. App. 231; Meilly v. Railroad Co., 215 Mo. 567; Fogus v. Railroad Co., 50 Mo. App. 250; Stoddard v. St. Louis, K. C. & N. Ry. Co., 65 Mo. 514; Craig v. Chicago & Alton Ry. Co., 54 Mo. App. 523; Supple v. Agnew, 191 Ill. 439; 26 Cyc. 1292-3. (3) The plaintiff did not assume the risk of the injury, as a matter of law. McMullen v. Railroad, 60 Mo. App. 23; Stoddard v. Railroad, 65 Mo. 514; Thorpe v. Railroad, 89 Mo. 650; Supple v. Agnew, 191 Ill.

439; Ill. Central Ry. Co. v. Langan, 116 Ky. L. 318; Shaw v. Mfg. Co., 146 N. C. 235; Northern Pacific Ry. Co. v. Herbert, 116 U. S. 642; Copeland v. Railroad, 175 Mo. 650; Dair v. N. Y. P. R. Steamship Co., 139 N. Y. App. Div. 751. (a) Plaintiff did not assume the risk of injury from the negligence of the master in failing to furnish sufficient help. Craig v. Railroad, 54 Mo. App. 523; Northern Pacific Ry. Co. v. Herbert, 116 U. S. 642; Dair v. Porto Rico Steamship Co., 139 N. Y. App. Div. 751; Illinois Central v. Langan, 116 Ky. L. Rep. 318; Fitter v. Telephone Co., 143 Iowa, 689, 605. (b) And this last rule applies to cases where the master has failed to furnish a sufficient number of workmen. Fogus v. Railroad Co., 50 Mo. App. 250; McMullen v. Railroad, 60 Mo. App. 231; Fritter v. Telephone Co., 143 Iowa, 689, 695. (4) The plaintiff was not guilty of contributory negligence as a matter of law. Fogus v. Railroad Co., 50 Mo. App. 250; Peterson v. American Grass Frame Co., 90 Minn. 343; Thorpe v. Railroad, 89 Mo. 650; Hanna v. Railroad Co., 178 Mo. App. 281; Stoddard v. Railroad Co., 55 Mo. 514; 26 Cyc. 1259; Shaw v. Mfg. Co., 146 N. C. 235; Fitter v. Telephone Co., 143 Iowa, 689, 692 . (a) Plaintiff's negligence was for the jury, though he be a man of good judgment. Scott v. Springfield, 81 Mo. App. 312, 321; and cases cited under point 4. (5) The court did not err in refusing defendant's instructions B and D, which told the jury that if plaintiff was instructed to call other workmen, but they refused without reporting same to defendant, plaintiff could not recover. (a) Because defendant's duty to furnish help was affirmative and continuous. 3 LaBatt on Master & Servant, sec. 1107, page 2913; Aleckson v. Railroad Co., 101 App. Div. 399; Bonn v. Railroad, 82 S. W. 808 (Tex. Civ. App.). (b) The testimony showed that the servants plaintiff called to help refused to help because they were not authorized to do so. The defendant was charged with the knowledge at all times that they were not authorized to help plaintiff and to do so was not within their duties. (c) Because these instructions were in the nature of peremp-

tory instructions for the defendant, which entirely ignored defendant's negligence and ignored the fact that plaintiff was exercising ordinary care for his own safety. (6) Plaintiff's instruction No. 1 was proper. Meiley v. Railroad Co., 215 Mo. 567, 576; Stering v. Parker-Washington Co., 185 Mo. App. 192, 217-218; Gardner v. Metropolitan St. Ry. Co., 167 Mo. App. 605. (7) The plaintiff's instruction No. 6 that plaintiff did not assume the risk unless the hazard of the undertaking in which plaintiff was engaged at the time of his alleged injuries was of such imminent and threatening character as to prevent a reasonably prudent person from undertaking the same, etc., was proper. (See, also, defendant's instruction No. 8 on the same issue.) Fogus v. Railroad Co., 50 Mo. App. 268; Baxter v. Lumber Co., 186 Mo. App. 352-369; Barnard v. Brick and Coal Co., 189 Mo. App. 417-422; McMullen v. Railroad Co., 60 Mo. App. 231; Stoddard v. St. L., K. C. & Northern Ry. Co., 65 Mo. 514; Thorpe v. Mo. Pacific Ry. Co., 80 Mo. 650; Peppers v. St. Louis Glass Co., 165 Mo. App. 556; Dittrich v. American Mfg. Co., Dec. 30, 1916, 190 S. W. 1006. (8) Plaintiff's instruction No. 7 to the effect that if the jury found the plaintiff's injuries were received as a result of the combined negligence of defendant and a fellow servant, defendant was liable, was proper. Mertz v. Leschen & Sons Rope Co., 174 Mo. App. 94; Booth v. Railroad, 73 N. Y. 38; Flike v. Railroad, 53 N. Y. 550; Shaw v. Bambrick-Bates Cons. Co., 102 Mo. App. 666; Swift v. Ruskowski, 82 Ill. App. 168; Dittrich v. American Mfg. Co., 190 S. W. 1006; Moriarty v. Schwarzschild & Sulzberger, 132 Mo. App. 650. (9) The verdict was not excessive. This question was primarily for the jury and since the trial court ordered a *remittitur*, this court will defer to the judgment of the lower court, especially in view of the evidence as to the nature and extent of plaintiff's injuries. Swearington v. Consolidated Troupe Mining Co., 212 Mo. 524; Dittrich v. American Mfg. Co., 190 S. W. 1006.

REYNOLDS, P. J.—Action for damages claimed by plaintiff to have been sustained while in the employ of the defendant.

The petition avers that while in such employment at the factory of the defendant, and while acting under the orders of the foreman, assisted by two other workmen of defendant, he was raising up and fastening to a wall a certain motor and its attached equipment, all of the weight of several hundred pounds; that by reason of the negligence of the defendant it fell, coming down upon plaintiff with great force and injuring him as described in the petition. The negligence alleged is that defendant failed to furnish plaintiff with a sufficient number of competent workmen to assist in lifting and holding the motor and its attchments from the ground to the place to which it was to be attached, the defendant, as it is alleged, negligently and carelessly furnishing only two workmen to assist plaintiff in doing the work, when at least three workmen, in addition to plaintiff, were necessary to do it with reasonable safety to plaintiff and his fellow-workmen engaged in the work, and that in consequence of the defendant's negligence, in so failing to furnish a sufficient number of workmen, the motor and its attachments fell upon plaintiff and injured him.

It is further alleged that the two workmen assigned to plaintiff to assist, were weak and incompetent, incapable and careless, to the knowledge of defendant. As no evidence whatever was introduced on this phase of the petition and it was not put to the jury on that theory, it is unnecessary to further notice this assignment.

Averring the expenditures of plaintiff for medical and surgical treatment, his loss of earnings in the past and that he will lose large amounts of wages in the future, and that by reason of his injuries he has been greatly incapacitated from carrying on his usual employment as a machinist, and that he has been permanently injured and disfigured and will suffer pain, etc.,

as long as he lives, plaintiff demands judgment in the sum of $1500.00.

After a general denial the answer avers that at the time plaintiff claims he was injured, he was in charge of and had control of the workmen assisting him in lifting and placing the motor and its attachments, with full power and authority to direct and control them, was well acquainted with the workmen who assisted him and with their strength and capacity and was at liberty to call to his assistance as many workmen as he needed to do the work, with which he was entirely familiar, and that he was furnished by defendant with all the men and help he requested, and that if he had insufficient help in handling the motor, it was due to his negligence in taking insufficint help, and that if he had insufficient help, he was negligent in selecting the same and in not requesting more help and in undertaking to place the motor as he did, and that plaintiff had negligently and carelessly ordered and directed his helpers and the men under him to hold the motor while he attemped to fasten it and negligently failed to place anything under it or to block it up, as he should have done; that after he undertook to place the motor plaintiff had ample notice that the servants under him could not hold it by reason of the fact that they had an insufficient hold thereon, and by reason of the position in which they were placed and the length of time they had been holding it; that plaintiff had ample time to notice that these servants in charge of and working under him intended to let the motor down and that he had negligently failed to keep a lookout for his own safety after being so warned, and had negligently and carelessly permitted the motor to come down upon him. It is finally charged that whatever injuries plaintiff received, were due to his own negligence, directly contributing thereto, and on account thereof he cannot recover.

The reply was a general denial.

There was a verdict for plaintiff for $5000, but a motion for a new trial being filed, attacking the ver-

dict, among other grounds, as excessive, the court directed a remittitur of $1500, to which plaintiff assenting, judgment was entered for $3500, and the motion for a new trial was overruled, defendant excepting and perfecting its appeal.

The first contention of learned counsel for appellant is that the demurrer to the evidence should have been sustained on the ground that plaintiff had not made out his case.

A careful reading of the testimony leads us to the conclusion that there was substantial evidence warranting its submission to the jury.

It appears that the appliance being handled was a motor and its appliances, weighing, according to some witnesses from three hundred to three hundred and fifty pounds, according to others, from five hundred to six hundred pounds, the whole machine called a "converter," attached by screws to a wall of the building of defendant in what was called the "crane department." This converter was out of order and plaintiff, who was a skilled machinist, at about three thirty o'clock in the afternoon of the day of the accident, was ordered by his immediate superior, the foreman of his department, to take the appliance down, repair it and put it back in place, even if he had to stay after quitting time and finish the job; that it had to be done; that he should stay until he finished it, even if he had to stay all night; to stay until he got it done. He took the appliance down, made some repairs on it and set it back, then having the assistance of four or five men. It still did not work and plaintiff again took it down to remedy the defect. Doing that, he was ready to again put it up. This was about quitting time—about five thirty o'clock, and it was then that the foreman gave him the orders to finish it, even if it took him all night. The appliance when down rested on a plank about eight feet long and eight inches wide, being raised high enough from the floor to allow the men to take hold under the plank. Plaintiff then, as it seems, had but two helpers. He told the foreman of this depart-

ment that it would take more than that to help. When the foreman told plaintiff he must finish the job, even if it took all night, plaintiff told this foreman that the two men left with him would not be enough help; that it had required five men to take it down and that he might have to take it down again. The foreman told plaintiff to go back into the engine room and get the assistant engineer and another man, who was about the place, when he needed help. All the other hands had then quit and had left the place.

It does not appear that the superintendent, foreman, or any superior to the plaintiff, had told any of the other men to remain after closing hours and assist plaintiff. When plaintiff undertook to replace the appliance in position, by direction of the foreman, he went to the assistant engineer of the works, who was in charge at night, and asked him to help him. That man refused because of his duties connected with his own work, he being in charge of the electric appliances, lights, and things of that kind about the building. Plaintiff sent one of his helpers to ask the two other men, who had assisted him in the fore part of the day, but who were in another department, to help him, but they refused. No other employees of defendant were then about the premises. Plaintiff thereupon undertook, with the assistance of the two men with him, to hoist this appliance into position so that it could be screwed on to the wall. The two men, with plaintiff, lifted the converter up, one of the two men on each end of the plank on which the appliance was resting. They lifted it to enable plaintiff to work at screws which were to be used in attaching it to the wall, but one of them called out that he could not hold it any longer and let it down. It caught plaintiff about at his middle, he being in a stooping or sitting position in front of it, and inflicted the injuries of which he complains. Plaintiff testified he had no authority to hire or discharge men and no authority to go to order any one to help, and that the men the foreman told him to call on, refused to help. As he was ordered to finish the job that night he concluded he

would have to do it himself with the men he had; he thought "he would be careful." He accordingly attempted to put the appliance in position with the help he had, when it fell and caught him.

This is the substance of the evidence. We think it sufficient to take the case to the jury.

Plaintiff's duties did not impose upon him that of hiring or employing men, and it is clear that he had no authority to compel others to assist him. While in charge of this particular job under and by direction of the foreman of his department, he had no authority over men not immediately working with him.

Labatt on Master & Servant (2 Ed.), vol. 3, p. 2912, sec. 1107, says:

"A duty of the master which, as a matter of logical arrangement, it seems equally appropriate to associate either with that discussed in the foregoing sections, or with that of conducting the business upon a safe system . . . is the duty of employing a staff of servants sufficiently large to perform the work with reasonable safety to themselves." (The matter referred to as "discussed in the foregoing sections," relates to the employment of incompetent servants.) Among the many cases cited in support of this are Meily v. St. Louis & S. F. R. R. Co., 215 Mo. 567, 114 S. W. 1013; Craig v. Chicago & Alton Ry. Co., 54 Mo. App. 523; McMullen v. Missouri, K. & T. Ry. Co., 60 Mo. App. 231; Jackson v. Old Dominion Mining Co., 151 Mo. App. 640, 132 S. W. 306.

The same author, in vol. 4, p. 4494, sec. 1503, says:

"Another absolute duty is that of seeing that the number of persons employed is sufficient to prevent each of them from being exposed to that class of risks which results from an inadequacy of the force available for the work in hand. Where no employee at all has been assigned for the performance of a duty connected with the operation of machinery, the master cannot take advantage of the rule that the neglect of an employee who is furnished with the means and conveniences for keeping machinery in proper condition for safe oper-

ation, and charged with that duty, is not chargeable to the master in case of an injury to another employee.''

What the author refers to as the leading case under the doctrine announced in the first part of this section 1503, as above, is that of Flike v. Boston & Albany R. R. Co., 53 N. Y. 549. In that case plaintiff's intestate was a fireman upon a freight train of the defendant's road and was killed while in the operation of the train. The defendant company had an agent, called a head conductor, whose business it was to make up the trains, hire and station the brakemen and generally prepare and dispatch the trains. It was claimed by counsel for the appellant that the company was not liable because the superior had in fact employed a third brakeman to go upon this train upon which plaintiff's intestate was a fireman when the accident occurred, but this third brakeman, by reason of oversleeping, failed to get aboard in time, and it was contended that the injury must be attributed to the negligence of this third brakeman, or, if attributable to the negligence of the general agent of the railroad company in not supplying his place with another man, such negligence must be regarded as committed while acting in the capacity of a mere co-servant, within the doctrine of irresponsibility. The New York Court of Appeals, however, held neither of these positions tenable, the court saying (l. c. 554):

''The hiring of a third brakeman was only one of the steps proper to be taken to discharge the principal's duty, which was to supply with sufficient help and machinery, and properly dispatch the train in question, and this duty remained to be performed, although the hired brakeman failed to wake up in time, or was sick, or failed to appear for any other reason. It was negligent for the company to start the train without sufficient help. The acts of (the head conductor) cannot be divided up, and a part of them regarded as those of the company, and the other part as those of a co-servant merely, for the obvious reason that all his acts constituted but a single duty.''

The principle announced in that case is applicable here. The superintendent over plaintiff told him to get other help but that other help was not within his control, and when he called on the men designated, they refused to assist, all of them at the time engaged in other duties. None of them had instructions from their immediate superiors to respond to plaintiff's demand and plaintiff had no control over them.

But it is argued that it was the duty of plaintiff, before undertaking to go on with the work, to have notified his superior that he had not sufficient help there; that the men to whom he had been referred declined to assist him. We do not think that is so. In the first place, a master who has entrusted to his superintendent the duty to hire a sufficient number of servants, is responsible for his failure to do so. [Shaw v. Highland Park Mfg. Co., 146 N. C. 235.] He could not shift the responsibility to do this upon another.

In Brown v. Rome Machine & Foundry Co., 5 Ga. App. 142, it is held:

"One of the non-delegable duties of a master is to furnish an adequacy of competent servants to do the work in hand."

Our Supreme Court, in Haviland v. Kansas City, P. & G. R. R. Co., 172 Mo. 106, 1. c. 112, 72 S. W. 515, says:

"When the work requires men to do it, the men engaged therein are classed as appliances, citing authorities. As in the matter of 'appliances' the employer cannot shift his duty to provide reasonably safe ones, so he cannot shift his duty to furnish a reasonable number of men. Then again, plaintiff was under imperative orders to complete this particular piece of work if it took all night. While knowing that there was some risk in attempting it with the two men he had at his disposal, the risk was not so apparent or obvious as to justify plaintiff in neglecting or refusing to do it and so run the chance of being discharged for failure to obey orders. There was no risk present sufficient to warn any ordinarily prudent man of its danger in un-

dertaking it with the force left at his disposal, nor to warrant him in refusing to obey the imperative order to finish it, "even if it took all night." Plaintiff may well have thought, as an ordinarily prudent man, and under stress of this command, as he apparently did, that he and the two men who were at his disposal, with proper care could do the work, and so he testified. [See Thorpe v. Missouri Pac. Ry. Co., 89 Mo. 650, 1. c. 665, 2 S. W. 3.]

The principle governing the liability of the employer to his employee and the contributory negligence of the employee has been announced by our Supreme Court in many cases, as see Keegan v. Kavanaugh, 62 Mo. 230; Stephens v. Hannibal & St. J. Ry. Co., 96 Mo. 207, 9 S. W. 589; Shorted v. City of St. Joseph, 140 Mo. 114, 16 S. W. 397. These cases are extensively quoted from and applied by our court in Fogus v. Chicago & Alton R. R. Co., 50 Mo. App. 250. In this latter case the plaintiff, it is said, was admittedly an expert in doing that kind of work, but, says our court (1. c. 263), "it must be kept in mind that he was in a subordinate position to the defendant's foreman."

So that if the plaintiff in the case at bar was himself a superior, as claimed by appellant, so far as concerns the two men working with him, or so far as the manner of doing this particular work was concerned, he was acting, in doing it, under the orders of a superior. Even if he was an expert, and in a way a vice-principal, as urged by learned counsel for appellant, the duty to employ sufficient men was as we have seen, non-delegable, and we do not think that when the workmen refused to assist him, it was the duty of plaintiff to report that fact to the employer and to neglect to go ahead with the work with insufficient help. No employer or superior to him was present; no other men had been placed under his orders or directed to assist him, and the work was not so obviously dangerous as to warrant him in refusing to do it, when he was distinctly ordered to see that it was done, even if it took all night to do it.

Learned counsel for appellant attacks the action of the trial court in giving three instructions at the instance of plaintiff and in refusing two asked by defendant. We have carefully considered these instructions and find no error in those given.

Especial complaint is made of instruction No. 6, given at the instance of respondent, which is as follows:

"Although the jury may believe from the evidence in this case that the work of lifting up the motor mentioned in the evidence, and attaching it in place, was unsafe and dangerous in the manner in which plaintiff and his two fellow-workmen were doing it, and that plaintiff was apprised of this fact, yet if you shall further find from the evidence in this case, that the danger and hazard of the undertaking in which plaintiff was engaged at the time of his alleged injuries as described in the evidence was not of such an *imminent and threatening character* as to prevent a reasonably prudent person from undertaking the same, then the plaintiff did not assume to do said work at his own peril, and was only required to exercise ordinary care and prudence incident to the situation and the character of the work required."

Counsel attack that as in conflict with the holding of our Supreme Court in Bradley v. Chicago, M. & St. P. Ry. Co., 138 Mo. 293, 39 S. W. 763. The instruction there condemned told the jury (l. c. 301) that plaintiff could recover, "unless the jury further believe from the evidence that the condition of the embankment, around which plaintiff was working, was such as to threaten such *glaring, apparent and immediate danger* that a person of ordinary care and prudence would have refused to work around it under the circumstances." Commenting on this instruction, our Supreme Court, in the Bradley case supra, at page 310, condemns it for the inclusion of the words we have italicized, saying they did not declare "the rule that would govern a man of ordinary prudence under the circumstances in this case. What a reasonably prudent person would have done is the proper test of the character of the acts of

plaintiff.'' We find no such words as those condemned in the above in the instruction given. We think it a correct statement of the law here applicable and as laid down by our Supreme Court in the Bradley and many subsequent cases.

Nor do we find any error in the action of the trial court in refusing several instructions asked by appellant. In brief, we think that this was a case for the jury under the evidence; that the jury were properly instructed, and that there was substantial evidence in the case sustaining the verdict.

The learned counsel for appellant attacks the verdict as being so excessive as to show prejudice and passion and that even after the *remittitur* ordered by the defendant that verdict is excessive. We do not think that a consideration of the evidence as to the injury to plaintiff and the probability of its permanency and the certainty that it has diminished his earning capacity, warrants us in saying that the verdict as rendered by the jury was so excessive as to show bias and prejudice. Nor do we think that as it now stands it is excessive. The question of the amount of the verdict was fairly presented to the learned trial judge, and with his knowledge of the evidence in the case, he permitted it to stand for $3500. We are not disposed to interfere with the exercise of this discretion of the trial court.

The judgment of the circuit court is affirmed. *Allen* and *Becker, JJ.,* concur.