JOHN M. WALSH, Respondent, v. UNION QUARRY AND CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed March 2, 1920. Separate Concurring Opinion Filed July 29, 1920.

1. **MASTER AND SERVANT: Injury to Servant: Negligence: Failure to Furnish Reasonably Safe Appliances: Question for the Jury.** Where an employee, injured while working in a quarry, was not only directed by his foreman to go upon a ledge to remove rocks

upon such ledge but also the manner in which it should be done was included in the directions, namely: to bar them down; the question was not one of the employee having two ways to do the work and choosing the unsafe way, because he had only one way at the time he was doing this work, and that was with the crowbar, because a derrick ordinarily used for such purpose was too far away to be used, and *held* that it was a question for the jury as to whether or not the master was negligent in failing to furnish reasonably safe and necessary appliances and in not exercising ordinary care to have the derrick where it could be used or furnishing such for the use of the employee for the work in which he was engaged at the time he sustained the injury.

2. ———: ———: ———: ———: **Contributory Negligence: Assumption of Risks.** An experienced quarryman directed to go upon a ledge of rock that was a dangerous place to work to remove a heavy stone with a crowbar instead of a derrick ordinarily used for that purpose because it was too far away, was not guilty of such contributory negligence as to bar his recovery for injuries caused by the sudden slipping of the rock, which was due to the fact that it was attempted to be removed by a crowbar instead of a derrick; the servant did not assume risks arising from the master's negligence in failing to furnish reasonably safe and necessary appliances for such work.

3. **TRIAL PRACTICE: Instructions: Instruction on Theory of Failure to Furnish Safe Appliances not Subject to Objections Made on Another Theory.** In an action for personal injuries alleged to have been sustained by plaintiff while working in defendant's quarry, an instruction submitting to the jury the question of defendant's failure to furnish proper and necessary appliances with which to do the work, is not subject to objections made upon the theory of defendant failing to furnish plaintiff a reasonably safe place to work.

4. **MASTER AND SERVANT: Instructions: Assumptions of Risks.** In an action for personal injuries alleged to have been sustained by plaintiff while working in defendant's quarry, in moving a stone with a crowbar as he was directed to do instead of being furnished a derrick, an instruction in which the jury was told that if the hazard in the undertaking in which the plaintiff was engaged at the time of his injuries was not of such an imminent and threatening character as to prevent a reasonably prudent person from undertaking the same, then the plaintiff did not assume to do said work at his own peril, *held* correct.

5. **INSTRUCTIONS: Instructions Must Be Based on Evidence and Correct Theory of Law.** It is not error to refuse an instruction not based upon the evidence and a correct theory of the law.

Walsh v. Union Quarry & Const. Co.

SEPARATE CONCURRING OPINION ON MOTION FOR REHEARING.

6. MASTER AND SERVANT: Injury to Servant: Negligence: Safe Place to Work: Appliances: Duty of Master When Safe Means are at Hand. In an action for personal injuries alleged to have been sustained by plaintiff while working in defendant's quarry, *held* that under all of the circumstances, the jury might with propriety find that it was negligence on the part of defendant's foreman to order plaintiff to perform the particular task (going upon a ledge of rock to remove a heavy stone with a crowbar instead of a derrick) and to perform such task in the particular way in which he was ordered and directed to perform it; and if plaintiff was injured as a result of such negligence, while exercising such care for his own safety as a reasonably prudent man would exercise under the circumstances, then plaintiff may recover, and this is particularly true in the light of the evidence tending to show that though danger inhered in the performance of the work, in the mode and manner which defendant, through its foreman, required plaintiff to perform it, defendant had at hand a perfectly safe means of performing the work.

7. ———: ———: ———: ———: Contributory Negligence: Obvious Danger. Where an experienced quarryman was injured in attempting to remove a heavy stone from a ledge of rock with a crowbar as directed, a derrick ordinarily used for such purpose being too far away, *held* that plaintiff was not guilty of such contributory negligence as to bar a recovery as a conclusion of law, the danger involved not being of such a character or so obvious and imminent that a reasonably prudent man in the position of plaintiff would have refused to do his master's bidding; he is not to be denied a recovery on the ground of contributory negligence if the circumstances are such that a reasonably prudent man might well conclude that he could safely perform the task by the exercise of reasonable or even great care on his part.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Kent K. Koerner,* Judge.

AFFIRMED.

*Jones, Hocker, Sullivan & Angert* for appellant.

(1) The injury suffered by the plaintiff was due to an inherent risk of the employment, which he assumed, and not to actionable negligence of the master. Bennett

205 App.—11

v. Lime Co., 146 Mo. App. 569; Roberts v. Jones, 156 Mo. App. 557; Bradley v. Railway Co., 138 Mo. 293; Zeigenmeyer v. Cement Co., 113 Mo. App. 336; 19 L. R. A. (N. S.), note, and cases there cited. (2) The plaintiff was himself guilty of negligence barring recovery. (3) The instructions given for the plaintiff were drawn on an erroneous theory of the law. Bennett v. Lime Co., supra; Bradley v. Railway Co., supra. (4) The instructions asked by the defendant, defining the plaintiff's duty to use care for his own safety, should have been given.

*Charles E. Morrow* for respondent.

(1) The defendant was guilty of actionable negligence in failing to furnish plaintiff reasonably safe appliances with which to do the work required of him. The evidence of both plaintiff and defendant showed that it was usual and customary to use a derrick in removing the stone from the ledge. Fogus v. Ry. Co., 50 Mo. App. 250; Ridenour v. Mines Co., 164 Mo. App. 576, 592; Hamilton v. Mining Co., 108 Mo. 364; 26 Cyc., p. 1106. (2) Plaintiff was not guilty of contributory negligence as a matter of law. While it is true that he was an experienced quarryman, yet he was in a subordinate position to the defendant's foreman and obeyed his orders. Levecke v. Mfg. Co., 197 Mo. App. 276; Fogus v. Ry. Co., 50 Mo. App. 250; Keegan v. Kavanaugh, 62 Mo. 230; Stephens v. Railroad, 96 Mo. 207; Shortel v. City of St. Joseph, 140 Mo. 114; Clark v. Iron & Foundary Co., 234 Mo. 450. (3) The servant never assumes risks arising from the negligence of the master. Young v. Lusk, 268 Mo. 625, 640; Daken v. Chase, 197 Mo. 238; Curtis v. McNair, 173 Mo. 270; Williams v. Pryor, 200 S. W. 53; State ex rel. St. Louis Malleable Casting Co. v. Reynolds, 200 S. W. 57; Schultz v. St. Louis Malleable Casting Co., 196 S. W. 52. (4) Plaintiff's instruction No. 3 that plaintiff did not assume the risk unless the hazard of the undertaking in which he was engaged was of such imminent and threatening character as to prevent a reasonably pru-

dent person from undertaking the same, was proper and has been approved. Levecke v. Curtis & Co., 197 Mo. App. 262, 277; Fogus v. Ry. Co., 50 Mo. App. 268; Baxter v. Lumber Co., 186 Mo. App. 352-369; Barnard v. Brick & Coal Co., 189 Mo. App. 417-422; McMullen v. Railroad, 60 Mo. App. 231; Stoddard v. Ry. Co., 65 Mo. App. 514; Thorp v. Ry. Co., 89 Mo. 650; Peppers v. Glass Co., 165 Mo. App. 556; Dittrich v. American Mfg. Co., 190 S. W. 1006; Blundell v. Miller, etc., Mfg. Co., 189 Mo. 552; Henderson v. Wilson Stove & Mfg. Co., 197 S. W. 181; Jewel v. Bolt & Nut Co., 231 Mo. 199; George v. Railroad, 225 Mo. 364. (5) There was no evidence upon which to base defendant's refused instructions on contributory negligence that plaintiff stood in front of the rock. The other instruction on the question of contributory negligence amounts to a demurrer to the evidence and states that if plaintiff was standing at the side of the rock and his crowbar was struck by it and plaintiff was caused to fall, he cannot recover; that if plaintiff had stood behind the rock where he would not have been struck by it, he is not entitled to recover. (6) The answer in this case is not a sufficient plea of contributory negligence. Benjamin v. Railroad, 245 Mo. 613-14.

NIPPER, C.—This is an action for damages for personal injuries alleged to have been sustained by the plaintiff, while in the employ of defendant, at its quarry located in the city of St. Louis.

The acts of negligence complained of in the petition were, that defendant directed plaintiff to go upon a ledge to remove heavy stones with a crowbar, when defendant knew, or should have known, that it was unsafe and dangerous; that defendant negligently failed to furnish the plaintiff a reasonably safe place to work; that it negligently ordered and instructed plaintiff to undertake to do said work and remove said stones from said ledge with a crowbar instead of a derrick, which was an unsafe and dangerous way to do the work, and that by reason of the aforesaid acts of negligence, while defendant was

attempting to remove a large stone weighing between four and five tons, from said ledge, with a crowbar, said stone came against the crowbar plaintiff was holding, causing the plaintiff to fall from said ledge into the quarry below, about a distance of thirty feet, as a result of which he suffered the injuries complained of.

The answer was a general denial, coupled with a plea of contributory negligence. The trial in the court below resulted in a verdict and judgment for the plaintiff, from which defendant appeals.

Plaintiff testified that he was fifty-two years of age, and had worked for the defendant company about one year prior to the time he sustained the injuries complained of in his petition; that he was employed by the foreman, John McGilligan, who was also defendant's foreman at the time plaintiff received the injuries complained of, and had charge of the men at the quarry. He stated that he had worked around quarries for thirty years or more; that on the morning of the 20th of February, 1916, he went to work at this quarry at about seven o'clock. About one hour later, he, and another laborer named Smith, were directed by defendant's foreman, to go upon the ledge, which was about twelve feet above the point where the foreman was then standing, and to "bar" down the rock upon that ledge. The ledge in question was about thirty feet from the bottom of the quarry, and sloped at an angle of about forty-five degrees. On the day before, there had been rocks blown loose from the face of this ledge, and after these shots were fired, the men would go upon this ledge and remove the stones that were blown loose, by the use of the crowbar. Plaintiff had been working upon this ledge about one hour or an hour and a half, before he received the injuries as set out in his petition.

In answer to a question as to what was meant by barring down rock, plaintiff stated:

"Well, you take a bar, and you get under and pry, you know, and roll it over; sometimes you get behind it and turn it over if you can lift it; otherwise, let it slide."

As to the size of these loose rocks upon the ledge, plaintiff stated:

"Well, they run all the way from the size of a marble up to fifteen or twenty tons," and he further stated that defendant's foreman, McGilligan, on the morning in question directed him and Smith to "go up there and bar them up;" that on this same morning, prior to the time he was hurt, he had "barred them down from small rock, I suppose wouldn't weigh over fifty pounds, up to some larger;" that at one time that morning he called for help to bar down a large stone, which help was furnished him, after which the help, or other men, went away to work at some other point in the quarry.

At the exact time of the accident, according to the testimony of plaintiff, he was standing on the south side of a large stone, about four or five feet wide and six feet long; that he had tried to remove the stone or slide it off the ledge from the rear, but could not move it. He then went around on the south side of the stone (the ledge facing east), and while prying the stone with his crowbar, the stone suddenly slipped or "snapped," striking the bar which plaintiff was holding, and throwing plaintiff off the ledge, where he fell about thirty feet below. The stone was about five or six feet from the edge of the precipice; that he knew it was dangerous to go up there, but he thought by being a little careful he could avoid it.

Plaintiff also offered the testimony of the doctor who had treated plaintiff, and the testimony of another quarry foreman, who stated that the usual and customary way to remove a stone such as detailed in the testimony of plaintiff, would be to remove it with a derrick.

At the close of plaintiff's testimony, defendant offered an instruction in the nature of a demurrer, which the court overruled. This offer was renewed at the close of all the evidence, and was again overruled.

The court submitted the case to the jury, upon the theory of defendant's failure to furnish proper and necessary appliances with which to do the work. After verdict

and judgment, as aforesaid, defendant perfected its appeal to this court.

Defendant insists:

First: That the court should have sustained the demurrer;

Second: That the instructions given for the plaintiff were drawn on an erroneous theory of the law.

Third: That the court should have given instructions offered by the defendant.

We shall deal first with defendant's assignment that the injury suffered by the plaintiff was due to an inherent risk of the employment which he assumed, and not to actionable negligence of the master. Among the cases relied upon by appellant to sustain this contention, is the case of Bennett v. Lime Company, 146 Mo. App. 565, 124 S. W. 608. There the rule is announced in cases of this kind as follows:

"It is no doubt true that there are cases where the rule requiring the master to furnish the servant a reasonably safe place does not obtain, such, for instance, as where the place in and of itself is reasonably safe and the particular work being prosecuted is one which renders it unsafe. The doctrine is frequently applied to cases where the servant is employed in dismantling and tearing down a building or prosecuting a particularly hazardous work in a mine or about a quarry, or undermining an embankment."

Yet in the case before us, we are called upon to deal with the question of the master's failure to furnish the servant proper and necessary appliances with which to do the work the servant was called upon to do, whether it be a safe place or an unsafe place. The plaintiff was directed by defendant's foreman to go upon the ledge and bar these rocks up. This was a broad direction and could be held to include all loose rock upon the ledge.

Defendant's foreman, McGilligan, while testifying for defendant, in answer to a question as to whether or not it was customary and usual, under conditions men-

tioned in this case, to use a derrick to get rock down where they could be handled by bars, stated:

"Well, if you can get at them with a derrick, it is, but we couldn't get at these very well with a derrick."

He further stated that the derrick was so situated on this particular morning, that it would have been difficult to have reached this stone, but that they did use the derrick if a rock was too big to be barred off the ledge. Thus it may be reasonably inferred from the testimony of defendant's witnesses, that the reason for not using the derrick on this particular stone, was that it was not properly located where it could be used at the time plaintiff was thrown from the ledge.

The plaintiff was not only directed to remove the rocks upon this ledge, but the manner in which it should be done was included in the foreman's directions, namely, to bar them down. It was not a question of plaintiff having two ways to do the work and choosing the unsafe way, because he had only one way at the time he was doing this work, and that was with the crowbar, because the derrick was too far away to be used. We think therefore, that it was a question for the jury, as to whether or not defendant was negligent in not exercising ordinary care to have the derrick where it could be used, or furnishing such for the use of plaintiff in the work in which he was engaged at the time he sustained the injuries. The question of the failure to furnish reasonably safe and necessary appliances, was not before the court in Bennett v. Lime Company, supra, and that case was reversed on account of error in the instructions. We think, however, the general principles laid down in that case, sustain, rather than condemn the action of the trial court in the case at bar.

It is the duty of the master to exercise ordinary care to furnish the servant reasonably safe and necessary appliances with which to do the work the servant contracts or is required to do in the performance of his duties. It is shown here, that the usual and customary way to handle rocks of the kind and charac-

ter, and under the conditions mentioned in the evidence, was with a derrick. This was not only the usual and customary way, but it was a safer and better way than with a crowbar. Not only this, but the evidence shows that this fact was recognized by the defendant, as it had adopted this method and had a derrick at this quarry, to be used, among other things, for the very purpose of handling stones of this kind, but defendant had failed, or neglected, to have the derrick in proper position for work in removing this stone. All these facts made it a question for the jury, as to whether or not defendant was guilty of actionable negligence, and if so, plaintiff was entitled to recover, or to have his right to recovery, submitted to the jury under proper instructions, unless he be held guilty of contributory negligence, barring his recovery as a matter of law. This too, notwithstanding the rule that the master is not an insurer of the servant's safety. We quote from Henderson v. Wilson Stove & Mfg. Co. (Mo. App.), 197 S. W. 177, l. c. 180, as follows:

"It is true that the master is not an insurer of the safety of the servant, but is required only to exercise ordinary care to furnish reasonably safe appliances and provide reasonably safe methods. Within the limits of reasonable care the master is at liberty to conduct his business in his own way; and he is not bound to furnish the best or safest appliances or instrumentalities, nor adopt the best and safest methods for doing the work, provided those furnished or adopted are reasonably safe. But the greater the natural hazards of the business the greater precautions must be taken for the servant's safety, in order that the master may be said to be in the exercise of ordinary care. What is ordinary or reasonable care for the servant's safety in one species of employment may be negligent in another." [3 Labatt's Master & Servant (2 Ed.), sec. 940, 947 and 949; Bennett v. Lime Company, supra, 146 Mo. App. 565; Williams v. Pryor, 272 Mo. 613, 200 S. W. 53; Schultz v. St. Louis Malleable Casting Co. (Mo. App.), 196 S. W. 53; Hamilton v. Mining Company, 108 Mo.

364, 18 S. W. 977; Henderson v. Wilson Stove & Mfg. Co., supra, (Mo. App.) 197 S. W. 1. c. 180; Anderson v. Illinois Central Railway Company, 109 Ia. 524; Washington, etc., Railway Company v. McDade, 135 U. S. 554.]

Defendant's negligence having been shown, was plaintiff guilty of such contributory negligence as to bar his recovery in attempting to remove this stone from the ledge with a crowbar? We think not. Defendant's foreman directed plaintiff to go upon the ledge and bar these rocks off. It is true that the ledge was a dangerous place to work, and that plaintiff was an experienced quarryman, but even so, he need not necessarily anticipate that when he attempted to remove this stone with a crowbar, it would take the sudden and unexpected course that it did, and, it may be reasonably inferred that the accident would have happened had plaintiff secured the assistance of other men with crowbars, to aid in its removal; and it seems that the sudden slipping of the rock which occasioned the injuries, was not due to the failure to have others with crowbars present to help remove it, but to the fact that it was attempted to be removed by a crowbar instead of a derrick; and it is well settled, as a rule of law in this State, that the servant does not assume risks arising from the master's negligence. [Bennett v. Lime Company, supra, 146 Mo. App. 565; Williams v. Pryor, supra, 272 Mo. 613, 200 S. W. 53; Jewell v. Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703; Brown v. Planing Mill Co., (Mo. App.) 217 S. W. 332.]

We come next to the defendant's objection to instruction No. 1, given on behalf of the plaintiff. This objection is made upon the theory of the defendant failing to furnish plaintiff a reasonably safe place to work, but this instruction submitted to the jury the question of defendant's failure to furnish proper and necessary appliances with which to do the work, and is not subject to the objections made by appellant. [Fogus v. Railway Company, 50 Mo. App. 250.]

It is also urged that the court erred in giving to the jury instruction No. 3, in which the jury was told that if the hazard in the undertaking in which the plaintiff was engaged at the time of his injuries "was not of such an imminent and threatening character as to prevent a reasonably prudent person from undertaking the same, then the plaintiff did not assume to do said work at his own peril," etc. However, this instruction correctly states the law, and an identical instruction was approved by this court in the case of Levecke v. Manufacturing Company, 197 Mo. App. 262, 1. c. 277, 193 S. W. 985.

There was no error in the court's failure to give defendant's refused instructions. The first is not based upon evidence, and the second is not a correct theory of the law.

Finding no reversible error, the Commissioner recommends that the judgment of the trial court be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Reynolds, P. J.,* and *Becker, J.,* concur. *Allen, J.,* concurs in the result in a separate opinion.

SEPARATE CONCURRING OPINION ON MOTION FOR REHEARING.

ALLEN, J.—I concur in the result reached by our Commissioner herein, but not in all of the language employed in the course of the opinion. The case is one by no means free from difficulty, but I am of the opinion that the evidence, when viewed in the light most favorable to plaintiff, as it must now be viewed, suffices to make the question of defendant's negligence one for the jury. It is true that the work prosecuted by the defendant, in the course of which plaintiff sustained his injuries, was of such nature as to cause the character of this ledge, upon which plaintiff was working when

injured, to be changed, from time to time, as the work progressed; i. e. the slope and character of the surface of the ledge would be altered from time to time by the blasting out of rock therefrom. But though this be true, it does not necessarily follow that a recovery is precluded in this case upon the ground that the place where plaintiff was working at the time of his injury was one changing in character as the work progressed; for the suit does not proceed upon the theory of a negligent breach of duty upon the part of the master in failing to exercise ordinary care to furnish a reasonably safe place for plaintiff to work.

In Bennett v. Lime Co., 146 Mo. App. 569, 124 S. W. 608, in referring to the rule to be applied in those cases where the particular work to be prosecuted is one which renders plaintiff's place unsafe, or where the danger is transitory and passing only, and arises from the manner in which the work is being prosecuted rather than from the nature of the place itself, it is said, by NORTONI, J: "And, then, too, an element of non-liability frequently adverted to in such cases is the fact that the master has given the work entirely in the charge of the servant and permits him to perform it in his own way. In such circumstances, if the servant is injured as a result of a transitory peril which inheres in the work for which he was employed and is prosecuting, according to his own discretion, *without a pointed direction or other specific negligence on the part of the master*, it is frequently declared that the rule requiring a reasonably safe place does not obtain or that the servant has assumed the risk as one ordinarily incident to the employment." (Italics ours.)

This and other portions of the opinion in the Bennett case are quoted and relied upon by appellant here; but we think that the law as declared in that opinion is not fatal to a recovery herein, as appellant contends; for the evidence for plaintiff makes it appear that he was not injured as a result alone of a transitory peril inhering in the work, while he was prosecuting the same

according to his own discretion, and "without a pointed direction or other specific negligence on the part of the master." The evidence is that when certain rocks had been loosened by blasting, and were lying upon this ledge, defendant's foreman gave a specific order to plaintiff to bar these rocks down, that is, to go upon the ledge and remove the rocks by means of a crow bar. The evidence is that this ledge, at the time, slanted at an angle of approximately forty-five degrees from the horizontal; and the rocks to be removed varied from small rocks to the large one which plaintiff was working at when injured. It cannot be doubted that by reason of the fact that the surface of the ledge at that particular time slanted as aforesaid, together with the character of the work, no little danger inhered in the work which plaintiff was thus required to perform. He did not go upon this ledge to perform the work voluntarily, or at his own discretion, but, according to the evidence, at the express command and direction of the foreman, the *alter ego* of the master. And we are of the opinion that, under all of the circumstances, the jury may with propriety find that it was negligence on the part of defendant's foreman to order plaintiff to perform this particular task in the particular way in which he was ordered and directed to perform it; and that if plaintiff was injured as a result of such negligence, while exercising such care for his own safety as a reasonably prudent man would exercise under the circumstances, then plaintiff may recover. This, we think, is particularly true in the light of the evidence tending to show that though danger inhered in the performance of the work, in the mode and manner which defendant, through its foreman, required plaintiff to perform it, defendant had at hand a perfectly safe means of performing the work.

It is argued with much force that in any event plaintiff was guilty of such contributory negligence as to bar a recovery herein. As to this it is necessary only to say that, though plaintiff was an experienced quarryman, we think we could not with propriety hold,

as a conclusion of law, that the danger involved was of such character, and so obvious and iminent, that a reasonably prudent man, in the position of plaintiff, would have refused to do his master's bidding. In cases of this general character, i. e. where the servant, when injured, is in the performance of a task which he is expressly directed by the master to perform, he is not to be denied a recovery on the ground of contributory negligence if the circumstances are such that a reasonably prudent man might well conclude that he could safely perform the task by the exercise of reasonable or even great care on his part. (See Jewell v. Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703; George v. Railroad, 225 Mo. 364, 125 S. W. 196.)

With the concurrence of the other judges the motion for rehearing is overruled.

*Reynolds, P. J.* and *Becker, J.,* concur.