WILLIAM McMULLEN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

60   231
100  ⁶209
d172s¹116

### Kansas City Court of Appeals, January 14, 1895.

1. **Master and Servant**: NUMBER OF EMPLOYEES: PLEADING. The master should furnish sufficient number of men to do the work in which his servant is engaged with reasonable safety. And the petition in this case sufficiently alleges the master's failure to perform such duty.

2. ——: ——: ——: WAIVER. Where the servant waives the performance of a duty by the master or assumes obvious risks, such matter is a defense and should be so pleaded.

3. ——: ——: EVIDENCE. Where the evidence shows the master furnished an insufficient number of men to do the work with reasonable safety and the consequent injury to the servant, a *prima facie* case is made.

4. ——: ——: ASSUMPTION OF RISK: INSTRUCTION. Instructions relating to the master's duty to furnish sufficient employees and also as to the servant's assumption of risk under the circumstances, are approved.

5. **Appellate Practice**: SERVANT'S ASSUMPTION OF RISK: INSTRUCTION. The hypotheses of the instructions in a case must be confined to the issues made by the pleadings. In this case the appellant can not complain of an instruction since it invited the error, if such it be, contained in it by asking a similar enunciation, and the more so, as the jury found against the facts predicated in the instruction.

6. **Master and Servant**: NUMBER OF EMPLOYEES: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. Instructions upon the question of contributory negligence, where the alleged negligence was a failure to furnish a sufficient number of employees, are *held* to cover all the grounds of the defense relied on by the pleadings.

ON REHEARING.

7. **Pleading**: INTERPRETATION OF LANGUAGE: SERVANT'S ASSUMPTION OF RISK. The language of a pleading must be construed with reference to the time and place of its utterance; and on the petition in this case it may be assumed that plaintiff knew the number of men

assigned to work with him, but it can not be assumed from the face of the petition that he knew at that time that the number was insufficient.

8. **Master and Servant:** INSUFFICIENT EMPLOYEES: ASSUMPTION OF RISK. Though a force is insufficient to the safe performance of the work assigned, yet, if sufficient enough to lead an ordinarily prudent person to believe the work could be safely done by using care and caution, he is not debarred from recovering from the master for the injury received. Cases reviewed and distinguished.

9. ———: ———: ———: JURY QUESTION. Where the sufficiency of the force is a question about which persons may differ, it is proper to submit the question to a jury.

10. ———: ASSUMPTION OF RISK: CONTRIBUTORY NEGLIGENCE. In some cases there is a difference between contributory negligence and assumption of risk; in others the difference is too subtle to be of practical importance. As *held* in the original opinion, if there was anything to prevent plaintiff's recovery, it was contributory negligence which was pleaded as a defense.

*Appeal from the Howard Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*Jackson & Montgomery* for appellant.

(1) the petition does not state facts sufficient to constitute a cause of action, and the motion in arrest should have been sustained. No excuse is alleged for doing the work, from which the injury resulted, with the number of men averred in the petition to have been insufficient for the reasonable safety of those engaged in it. *Flynn v. Railroad*, 78 Mo. 195; *Aldridge v. Furnace Co.*, 78 Mo. 559; *Huhn v. Railroad*, 92 Mo. 440; *Reichla v. Gruensfelder*, 52 Mo. App. 43; *Fugler v. Bothe*, 22 S. W. Rep. 1113. (2) The demurrer to plaintiff's evidence should have been sustained. The plaintiff failed to prove any negligence on defendant's part or any excuse for doing the work with an insufficient number of men. Cases cited under point 1, and

*Stoddard v. Railroad,* 65 Mo. 514; *Devlin v. Railroad,* 87 Mo. 545, 552; Ray's Negligence of Imposed Duties, sec. 15, p. 131; *Railroad v. Moore,* 31 Pac. Rep. 138; Wood's Master and Servant, secs. 394, 395; *Alcorn v. Railroad,* 108 Mo. 91, 104; *Watson v. Coal Co.,* 52 Mo. App. 366; *Haley v. Lumber Co.,* 51 N. W. Rep. 321, 324; s. c., 51 N. W. Rep. 956; *Latremonille v. Railroad,* 22 Atl. Rep. 656; *Oil Co. v. Hale,* 19 S. W. Rep. 600; *Brady v. Mfg. Co.,* 28 N. E. Rep. 901; *Foley v. Electric Light Co.,* 24 Atl. Rep. 487; *Railroad v. Lemon,* 18 S. W. Rep. 331; *Railroad v. Schroeder,* 27 Pac. Rep. 965; *Railroad v. Schwabbe,* 21 S. W. Rep. 706; *Fordyce v. Stafford,* 22 S. W. Rep. 161; *Railroad v. Kelton,* 18 S. W. Rep. 933; *Prentice v. Wellsville,* 21 N. Y. Supp. 820; *Mfg. Co. v. Erickson,* 55 Fed. Rep. 943; *Crilly v. Railroad,* 10 S. Rep. 400; *Stubbs v. Atlanta Mills,* 17 S. E. Rep. 746; *Daigle v. Mfg. Co.,* 34 N. E. Rep. 458; *Wilson v. Tremont Mills,* 34 N. E. Rep. 90; *Becker v. Baumgartner,* 32 N. E. Rep. 786; *King v. Lumber Co.,* 53 N. W. Rep. 10; *Anderson v. Lumber Co.,* 49 N. W. Rep. 664; *Railroad v. Liehe,* 29 Pac. Rep. 175; *Kohn v. McNulta,* 147 U. S. 238; *Oil Co. v. Slover,* 24 S. W. Rep. 106. It farther appeared that the plaintiff had rejected the appliance furnished, and had departed from the method prescribed. Wood's Master and Servant, secs. 371, 402; *Alcorn v. Railroad,* 108 Mo. 81, 91. (3) The plaintiff's instructions were erroneous. They did not cover the whole case, in that they failed to mention the assumption of the risk by plaintiff. *Clark v. Hammerle,* 27 Mo. 55; *Sawyer v. Railroad,* 37 Mo. 240; *Bank v. Currier,* 44 Mo. 91; *Fitzgerald v. Hayward,* 50 Mo. 516; *Pogsdon v. Trambo,* 52 Mo. 35; *Budd v. Hoffheimer,* 52 Mo. 297; *Korle v. Railroad,* 55 Mo. 476; *Bank v. Murdock,* 62 Mo. 70; *Mansur v. Botts,* 80 Mo. 651; *Sullivan v. Railroad,* 88 Mo. 169; *Owens v. Railroad,* 95 Mo. 169; *Schroeder v.*

*Michel*, 98 Mo. 43–48; *Barr v. Kansas City*, 105 Mo. 550; *Clay v. Railroad*, 17 Mo. App. 629; *Ellis v. Wagner*, 24 Mo. App. 409; *Bank v. Nichols*, 43 Mo. App. 385; *Griffith v. Conway*, 45 Mo. App. 574; *Holstadt v. Doggs*, 50 Mo. App. 240. (4) The instructions given were inconsistent and contradictory, and therefore erroneous. *Thomas v. Bobb*, 45 Mo. 281, 287; *Garth v. Carrier*, 60 Mo. 581; *State v. Mitchell*, 64 Mo. 191; *State v. McNally*, 87 Mo. 644; *Frederick v. Allgaier*, 88 Mo. 598, 603; *State v. Howell*, 97 Mo. 105, 110; *Price v. Railroad*, 77 Mo. 503; *Stevenson v. Hancock*, 77 Mo. 614.

*S. C. Major* and *Draffen & Williams* for respondent.

(1) It was defendant's duty to furnish a sufficient number of men to do the work, in which the plaintiff was engaged, with reasonable safety to its employees, and it is liable for any injury sustained by plaintiff in consequence of its failure to do so, in the absence of any conduct upon his part that would defeat the action. *Thorpe v. Railroad*, 87 Mo. 650; *Stoddard v. Railroad*, 65 Mo. 514; *Fogus v. Railroad*, 50 Mo. App. 250; *Flike v. Railroad*, 53 N. Y. 549; McKinney on Fellow Servants, p. 99 sec. 37. (2) The objection to the petition, that it fails to allege any excuse for continuing in defendant's service with an insufficient number of men to do the work with safety, is not well taken. It was wholly unnecessary to make any averment in regard thereto. *Thorpe v. Railroad*, 89 Mo. 650; *Devlin v. Railroad*, 87 Mo. 545. (3) The plaintiff's evidence tended to show that the force employed to throw the rails from the track was not sufficient to do said work with reasonable safety to defendant's servants, and that plaintiff was injured in consequence

thereof. The demurrer to the evidence under the authorities cited above was, therefore, properly overruled. (4) There was no error in the second instruction given upon the part of the plaintiff, nor in the modification by the court of the defendant's instructions so as to make them conform thereto, by declaring that the plaintiff's knowledge that the number of men employed in the work was insufficient to perform the same with reasonable safety would not defeat his recovery, unless the danger was so imminent and the hazard so great that a man of common prudence would not have engaged in the work. *Thorpe v. Railroad, supra; Stoddard v. Railroad, supra; Huhn v. Railroad,* 92 Mo. 440; *Omellia v. Railroad,* 115 Mo. 205; *Stoddard v. Railroad,* 65 Mo. 514; *Fogus v. Railroad,* 50 Mo. App. 250.

SMITH, P. J.—This is an action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant. The plaintiff had judgment in the court below and the defendant has appealed.

It is claimed by the defendant that the judgment ought to be reversed because the petition does not state facts sufficient to constitute a cause of action, in that no excuse is alleged for doing the work from which the injury resulted with the number of men therein charged to have been insufficient for the reasonable safety of those engaged in it. That pleading charges that the defendant carelessly and negligently failed to furnish a sufficient number of men to lift the rails and throw them from the track; that only three men were furnished when at least four were necessary to do the work with reasonable safety to defendant's servants engaged in said work; that, in consequences of defendant's carelessness and negligence in failing to furnish a

sufficient number of men to do said work with reasonable safety to its employees, the plaintiff, as he and two others were endeavoring to throw a rail from the track, was injured by said rail falling back upon his foot, which was thereby crushed, and that this was caused and brought about by defendant's negligently requiring three men to lift said rail and throw the same from the track, when at least four men were necessary to do said work with reasonable safety.

It is the unquestionable law that it was the duty of the defendant to furnish a sufficient number of men to do the work in which the plaintiff was engaged with reasonable safety to the plaintiff and his colaborers engaged therein. *Thorpe v. Railroad*, 89 Mo. 650; *Stoddard v. Railroad*, 65 Mo. 514; *Fogus v. Railroad*, 50 Mo. App. 250; *Flike v. The Boston & Albany Railroad*, 53 N. Y. 546; McKinney on Fellow Servants, p. 99, sec. 37. The petition alleged this duty and a breach thereof, which, coupled with the further allegation of an injury resulting from such breach, we think sufficiently stated a cause of action.

If the performance of this duty by the defendant was waived by the plaintiff or if the defendant was excused from its performance for any other cause, this was a matter of defense, to be pleaded in the answer. Under the allegations of the petition it was only necessary for plaintiff to introduce evidence tending to prove the breach of duty on the part of defendant as alleged in his petition and that such breach was the proximate cause of his injury. If the defendant, as was the case, relied on the claim that the insufficiency in the number of the men to do the work was obvious or patent and that the danger arising therefrom was of such character as to raise the presumption that the plaintiff by continuing to do the work under such conditions assumed the additional or increased risk, then such claim was

logically a matter of defense. *Fugler v. Bothe*, 43 Mo. App. 44; s. c., 22 S. W. Rep. 1113; *Thorpe v. Railroad*, 89 Mo. 650; *Stoddard v. Railroad*, 65 Mo. 514. The petition we therefore hold was sufficient.

The plaintiff's evidence tended to prove that the number of men employed were insufficient to do the work in which he was engaged with reasonable safety and that, in consequence thereof, he was hurt. This, according to the principles just announced, was sufficient to establish his *prima facie* right of recovery, therefore the objection of defendant, taken by demurrer to the plaintiff's evidence, to the effect, that it failed to prove any negligence of defendant or excuse on plaintiff's part for doing the work with an insufficient number of men was properly overruled.

The defendant objects that the plaintiff's instructions did not cover the whole case in that they failed to mention the assumption of the risk by the plaintiff. The first of these given for plaintiff told the jury that it was defendant's duty to furnish a sufficient number of men to do the work of removing the rails with reasonable safety to its employees, and that if it failed so to do, and plaintiff was injured in consequence thereof, he was entitled to recover, provided he was in the exercise of such care as a reasonably prudent person would have used under like circumstances, and was not guilty of contributory negligence, as defined in the instructions. The second told the jury that, although the plaintiff might have believed that the number of men was insufficient to do the work with reasonable safety, yet, unless it appeared that the danger of doing said work with that number of men was so glaring that a man of ordinary prudence would not have engaged therein, then the plaintiff would not be prevented from a recovery on the ground of contributory negligence.

The defense interposed by the answer was that of

contributory negligence. While there may be a clear and logical distinction between a defense resting upon the assumption of risks and that predicated upon contributory negligence (*Alcorn v. Railroad*, 108 Mo. 81), the former of these defenses was not, and the latter was, pleaded in the defendant's answer, so that the plaintiff's instructions cover the whole case stated in the pleadings. It is an elementary rule of practice that the hypotheses of the instructions in a case must be confined within the limits of the issues made by the pleadings. It follows as a corollary to this proposition that, had the plaintiff's instruction contained the omitted reference of which defendant complains that such reference would have been a fatal vice therein. It is quite true that the court on its own motion gave an instruction telling the jury that, if the plaintiff continued in said work with the insufficient number of men engaged therein, then he assumed all the risks connected therewith, but the defendant can not be heard to complain of this, for the reason that it invited the error, if such it was, by asking an instruction similar in enunciation. Even if inconsistent with those of plaintiff the latter of which we think to be unexceptionable, this constitutes no grounds for the disturbance of the judgment. *Lohse v. Railroad*, 44 Mo. App. 645. And especially must this be so when the jury have found against the fact predicated in the said instruction erroneously given for defendant. *Vail v. Railroad*, 28 Mo. App. 372. The plaintiff's instructions, the substance of which we have already given, stated appropriate rules of law applicable to the evidence under the pleadings, as will be seen by reference to the adjudicated cases. *Thorpe v. Railroad*, 89 Mo. *supra*; *Devlin v. Railroad*, 87 Mo. 545; *Huhn v. Railroad*, 92 Mo. 440; *Omellia v. Railroad*, 115 Mo. 205; *Stoddard v. Railroad*, 65 Mo. 514; *Fogus v. Railroad*,

50 Mo. App. 250; *Myers v. Hudson Iron Co.*, 150 Mass. 125; *Railroad v. Gladmon*, 135 U. S. 554; Buswell, Law of Personal Injuries, sec. 207.

The instruction given for defendant declared that, if plaintiff understood the nature and hazards of the work in which he was engaged, and the probable effect and consequences of doing the work with the number of men employed, and yet continued in the work, he was not entitled to a verdict; that, if he did anything a prudent man would not have done, or omitted anything that a prudent man would have done, and that any act or omission on his part contributed to his injury, he was debarred from recovering; that, if the injury was produced by the negligence of his colaborers, or if any act of his was contributory to it, the finding should be for the defendant; that, if men of ordinary care and caution would not have considered it hazardous to do the work with the number of men with which the plaintiff was doing it, then defendant could not be guilty of negligence in not employing a greater number of men. These instructions fully covered the grounds of defense relied on by defendant in the answer, and, as far as we can discover, are not repugnant to these given for plaintiff.

In the light of the authorities just cited we do not think the court erred in amending the defendant's instructions numbers 3, 4, 5 and 6 by adding thereto a proviso, to the effect "that the jury must further find that the danger of doing said work with the number of men furnished was so glaring that an ordinarily prudent man would not have engaged in it before plaintiff could be debarred from recovering on account of his continuing in the work with knowledge that the force was insufficient."

We do not believe that the other errors alleged to have been committed by the trial court against defend-

ant are of moment, or, materially affect the merits of the action and so need not be further noticed. The case seems to have been fairly submitted to the jury upon the pleadings and evidence under proper instructions, and with their verdict and the judgment thereon we find no fault. Judgment affirmed. All concur.

### ON REHEARING.

ELLISON, J.—A further consideration of this case has satisfied us with our conclusion as originally announced.

The petition is not fairly subject to the criticism made by defendant. We may freely concede the propositions of law advanced by counsel, to the effect that, if the petition, on its face, states those facts from which there necessarily arises the conclusion that the injury has resulted from plaintiff's contributory negligence, or, his assumption of the risk of the act from which the injury resulted, he can not recover, unless he goes further and states further facts which would qualify or explain those already stated and thus relieve him from the rule. But the facts concerning the allegations of the petition are not as defendant has assumed them, or interpreted them to be.

The pleader, in proceeding to state plaintiff's cause of action, alleges that the defendant negligently failed to furnish a sufficient number of men to lift the rails; that three men were all that were furnished, when, in truth, at least four men were necessary to do said work properly and with reasonable safety, etc. The plaintiff himself will, of course, he held bound by what is stated in his behalf in his petition. But the foregoing and similar allegations are not what defendant assumes them to be. The petition does not state that *at the time* plaintiff proceeded to do the work with two other men,

he knew the number was insufficient. Language, to be fairly and fully understood, must necessarily be construed with reference to the time and place of its utterance. The petition was, of course, drawn after the happening of the injury and the plaintiff has done no more, by the allegations which he makes therein, than state the facts as they existed at the time of the accident. His statement of what the facts were, presupposes his knowledge of the facts at the time he makes the statement, but it by no means follows that he knew such facts when the acts, upon which the case rests, were transpiring. We may well assume that plaintiff knew, at the time he was engaged in the work, of the number of men assigned with him to do the work, but we can not assume, from the face of the petition, that he knew, at that time, this was an insufficient number. Our conclusion is that the petition affords no sound basis for the argument advanced.

2. As to the evidence, we may concede that plaintiff had reason to believe three men were insufficient for the work, and that there was risk in undertaking the work with such limited force. But this is not enough to destroy plaintiff's case, as a matter of law. The fact that the force was insufficient must have been so obvious as to prevent an ordinarily prudent person from engaging in the work. If, therefore, the danger or risk in doing the work was not such as to threaten immediate injury, and, though in fact the force was insufficient yet sufficient enough to lead an ordinarily prudent person to believe that the work could be safely done by using care and caution, then, if, in the exercise of such prudence and care and caution, he proceeds to do the work, he is not debarred from recovering from the master for the injury received in such work. *Hamilton v. Mining Co.*, 108 Mo. 364; *Swadley v. Railroad*, 118 Mo. 268.

In the first of these cases, the following statement of the rule from 1 Shearman & Redfield on Negligence, sections 211, 212, is quoted with approval: "The true rule, as nearly as it can be stated, is that the servant can not recover against his master for an injury suffered through exposure to danger from defects of which he had notice, if, under all the circumstances, a servant of ordinary prudence, acting with such prudence, would not have continued such work under the same risk. * * * The test of prudence in these cases, * * * is that which a prudent servant of the same class using such prudence and judgment as such persons usually possess, but no more, might reasonably be expected to apply to the particular case." The instructions which were given in the case were in accord with the cases from our own reports, to which attention was called in the original opinion, and with the two Missouri cases cited herein.

The defendant has directed our attention to some adjudications from other states, particularly *Eddy v. Rogers*, Texas, 1894, which support the criticism of the theory upon which plaintiff was allowed to maintain this action. In that case, the following rule is stated and applied to a case much like the one at bar, viz: "Where the servant has equal knowledge with the master of the danger incident to the work, he takes the risk upon himself, if he goes on with it." In some respects that may be said to be a proper statement of the law, as applied to the facts appearing in many cases. But it is a deceptive statement when applied to other cases—to a case like the one under consideration. It is not necessary to discuss in this case what equality of ground the master and servant occupy, as to judgment on the sufficiency of appliances for certain work. It is conceded by the plaintiff that four men could have handled the iron rails with reason-

able safety—the defendant contended that three men could. So, then, we may say the case concedes that four men could do this particular work with reasonable safety, and the question is: "Was it so obvious and patent to plaintiff, as a man of common prudence, that three men could not do the work safely, by being careful and cautious, as to deter him, in the exercise of prudence, from proceeding with the work?" That is a question about which persons may differ, and as such, it was proper to submit it to the jury for determination. We are, therefore, of the opinion that the rule quoted from the *Eddy case,* when applied to facts of the nature of these before us, should be qualified by the *proviso,* that the danger of which the master and servant have equal knowledge must be such as to render it obvious to a reasonably prudent man, in the exercise of prudence, that such work can not be done safely by being careful and cautious.

The opinion of Judge ROMBAUER in *Fugler v. Bothe,* 43 Mo. App. 62, which has been recently fully indorsed by the supreme court, is in no way opposed to the view we take of this case, as it is made by the facts which appear in the record. Judge ROMBAUER made no criticism of the following quotation which he took from *Huhn v. Railroad,* 92 Mo. 440: "But, if the servant incurs the risk of machinery which, though dangerous, is not so much so as to threaten immediate injury, or where it is reasonable to suppose that it may be safely used with great care, or skill, *a different rule applies.* In such cases, mere knowledge of the defect will not defeat a recovery." In the *Huhn case* and many of the other cases of like character, it was not pretended but the master knew of defective instrumentality which caused the injury—in other words, the cases concede that the master and servant had "equal knowledge." The facts in *Fugler v. Bothe* make a

case altogether distinguishable from the case in hand.

It is not necessary to make any further mention of that part of defendant's contention as to the distinction and difference between an assumption of risk and contributory negligence on the part of a servant, than to say that it is partly disposed of in what we have said as to the petition. There are cases where a difference between these is quite easily seen. There are cases where the distinction is not so apparent, when, indeed, it becomes too subtle to be of practical importance. In this case, if there was anything to prevent plaintiff's recovery, it was contributory negligence, and that was pleaded as a defense and submitted to the jury.

In our opinion, the evidence as to the number of men which had been employed by defendant in this work was properly admitted. It had a tendency to show the number necessary, and likewise bore on the question of defendant's negligence. We are satisfied that a case was made for the verdict of a jury and that the trial was properly directed by the court. Judgment affirmed. All concur.