JESSIE LA BELL ET AL., PLAINTIFFS-RESPONDENTS, v. MAX QUASDORF ET AL., DEFENDANTS-APPELLANTS.

Submitted October 12, 1934—Decided February 18, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Green & Green.*

For the respondent, *Feder & Rinzler.*

PER CURIAM.

This is an appeal from a judgment of the Passaic District Court in favor of the plaintiff who was a passenger in an automobile driven by the defendant Ilse Quasdorf and owned by her father, Max Quasdorf, and was injured when this car collided with a pole.

It is urged on behalf of both defendants that the trial court should have directed a verdict in their favor because there was no proof of negligence. It is sufficient to say that the testimony of the excessive speed of the car, together with the evidence of the manner of the happening of the accident, raised a question of fact as to negligence, which question the trial court resolved in favor of the plaintiff. There being evidence to support such conclusion, this court will not disturb the judgment on that ground.

Several grounds are argued by the appellant Max Quasdorf, owner of the automobile. It seems necessary, however, to deal with but one, namely, that there should have been a nonsuit on the ground that there was no invitation by the defendant Max Quasdorf to the plaintiff to ride in the car

and that the agency of the daughter for the father, assuming that any agency at all existed, did not extend to inviting a passenger to ride in the car so as to make her an invitee in her relation to the father. The testimony was that Ilse Quasdorf took the car for the purpose of paying dues on building and loan shares of her father and mother. She took with her in the car her sister and Jessie Ignoffo, who was visiting her when the trip started, and the plaintiff got into the car either at the Quasdorf home or at her own home, there being some conflict on this point. There is testimony from the Ignoffo girl that she asked Ilse whether she could take the plaintiff along and Ilse said "it was all right to take her along." However, there is no evidence that Ilse had authority to take anyone into the car and make such person an invitee of her father.

For this reason, the motion for nonsuit should have been granted, and the judgment against Max Quasdorf is accordingly reversed, and the judgment against Ilse Quasdorf affirmed.