ROBERT C. LUMPKIN, PROSECUTOR, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF BERNARDS, IN THE COUNTY OF SOMERSET, FRED W. KAMPMIER, Jr., BUILDING INSPECTOR, AND THE TOWNSHIP OF BERNARDS, RESPONDENTS.

Submitted May 7, 1946—Decided September 9, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Kearns & Bruder* (*Anthony P. Kearns,* of counsel).

For the respondents, *Sandford Looker* (*John Beekman,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The question for decision is whether prosecutor was improperly denied a certificate of occupancy to use his building, located in a prohibitive zone, as a non-sectarian private boarding school for boys.

The prosecutor, an educator, acquired lands and premises located on the westerly side of Somerville Road (also known as Sanford Road) in the Township of Bernards, Somerset County, New Jersey, and designated as lot No. 11, in section 36 of the township tax map. The lands cover about 165 acres. The main building is situate about one-half mile from the main (Somerville) road, at the side of a mountain, in a

heavily wooded spot. It was constructed by prosecutor's predecessors in title along the lines of a European castle at a cost of between $80,000 and $95,000. It is built of stone primarily, with walls approximately two feet thick. The central portion of the building is of Norman architecture and the wings are designed to reproduce Elizabethian additions to an old castle. The building has a heavy slate roof and oak trim on the outside. It contains sixteen high and spacious rooms, the floors of which are of hardwood or flagstone and the walls are all insulated. The building is located in a sparsely settled section of the township. There is clear ground for about 50 feet around the building, woods surrounding three sides thereof and the fourth side overlooks open country. There are about a dozen buildings on the entire three mile length of the Somerville Road from the township boundary line and its connection with the Liberty Corner-Fox Hill Road. The first building from the prosecutor's building to the southwest is about a mile and four-tenths; the first building to the northeast from the prosecutor's building is about a mile and two-tenths therefrom; and the nearest building situate on the opposite side of the road from the prosecutor's building is about six-tenths of a mile therefrom. The many photographs submitted emphasize the beauty and splendor of the *silus* and the interior and exterior of the building.

· To the end of using the stated building as a non-sectarian private boarding school to accommodate about thirty boys between the ages of six and fourteen years, prosecutor obtained the approval of our State Commissioner of Education, and arranged for a teaching staff of educators of high standing and repute.

In this background, prosecutor, on July 12th, 1945, made application to the building inspector of the township for a certificate of occupancy to use the described building for the ·aforestated purposes. The application was denied. That denial was obviously based upon the ground that prosecutor's premises were located in a residence A zone under the township zoning ordinance, adopted December 22d, 1937.

On appeal to the Board of Adjustment of the township, that body, after hearing on public notice, concluded—in light of

the fact that but one objector appeared and his premises were not within a radius of 200 feet from the premises in question, and in light of all the other proofs—that, in their opinion, "the establishment of the school would render a service to the community and would not injuriously affect the rights of adjoining property owners nor be contrary to the public interest." Based on that conclusion, it recommended to the governing body of the township that a "special exception" be granted to permit prosecutor to establish a non-sectarian boarding school for boys as requested by him. *Cf. R. S.* 40:55–39.d.

On appeal to the governing body of the township, that body, without notice of hearing (*Cf. Sandler* v. *Trenton,* 126 *N. J. L.* 392, 395; 19 *Atl. Rep.* (*2d*) 788) disapproved the recommendation of the Board of Adjustment. Prosecutor was allowed a writ of *certiorari.*

We think that the disapproval by the governing body of the recommendation made by the Board of Adjustment is not tenable.

The uses to which the premises are limited in the "Residential A" zone are, among others, "farming or agriculture," and "church, chapel or other place of divine worship including (a) * * * school * * * owned or leased and conducted by such church." Under the permissive uses of farming or agriculture, the premises may concededly be legally used for, among other things, the raising of chickens and pigs, and may, of course, be legally used as a school by a church. But the same premises may not be legally used to conduct a non-sectarian private boarding school for the education of boys, about thirty in number, between the ages of six and fourteen years. The provisions of an ordinance which compel such a conclusion are indeed foreign, to say the least, to our democratic concept of the dignity of man, and of his personal and property rights. A regulation compelling such a conclusion was never contemplated by the Zoning Act. It bears no reasonable relation to the powers conferred by that act. *R. S.* 40:55–30, *et seq. Cf. Brookdale Homes, Inc.,* v. *Johnson,* 123 *N. J. L.* 602, 604; 10 *Atl. Rep.* (*2d*) 477; *affirmed,* 126 *N. J. L.* 516; 19 *Atl. Rep.* (*2d*) 868. It does

not come within the exceptions to the general rule of law that there is no power in a municipality to limit or regulate the use to which property may be put. For here the limitations resulting in the denial of the prosecutor's application for a certificate of occupancy bear no substantial relation to the public health, public morals, the public safety or the general welfare in their proper sense, or to any of the other considerations embraced in the statute. *R. S.* 40:55–32. See cases collated in the opinion of the Supreme Court in *Brookdale Homes, Inc.,* v. *Johnson, supra* (at *pp.* 604, 605).

Thus the dismissal of the recommendation of the Board of Adjustment by the governing body was, in the circumstances, an arbitrary, unreasonable and capricious exercise of power. *Cf. Bianchi* v. *Morey,* 124 *N. J. L.* 258, 260; 11 *Atl. Rep.* (*2d*) 405. It lacks the requisites of "sound discretion, governed by law." *Cf. State* v. *Then,* 114 *N. J. L.* 413, 416; 177 *Atl. Rep.* 87; *LaBell* v. *Quasdorf,* 116 *N. J. L.* 368, 372; 177 *Atl. Rep.* 77. It is indeed pregnant with the fatal attributes of "shock to reason and to justice." *Cf. Nelson* v. *Eastern Air Lines, Inc.,* 128 *N. J. L.* 46, 58; 21 *Atl. Rep.* (*2d*) 371; *Chiesa* v. *Public Service Co-ordinated Transport,* 128 *N. J. L.* 69, 72; 24 *Atl. Rep.* (*2d*) 369. It denies prosecutor's fundamental rights under the fourteenth amendment of the federal constitution and of article I, paragraph 1 of our state constitution. *Brookdale Homes, Inc.,* v. *Johnson, supra* (123 *N. J. L.*), and cases collated at *pp.* 604, 605.

Prosecutor is entitled to a certificate of occupancy. The action of the governing body of the township is set aside, with costs.