# STATE v. NORTHWESTERN PREPARATORY SCHOOL, INC. AND ANOTHER.[1]

April 29, 1949.

No. 34,920.

*Ben W. Palmer,* for appellants.

*John F. Bonner,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

PETERSON, JUSTICE.

Defendants appeal from the judgment convicting them of violating a zoning ordinance of Minneapolis.

The question for decision is whether a zoning ordinance[2] which permits in a residential area "Public Schools" and "Churches and Schools accessory thereto" and prohibits therein private schools, is unconstitutional as applied to a private school, owned and conducted by a corporation which has no capital stock and is not operated

---

[1]Reported in 37 N. W. (2d) 370.

[2]Minneapolis City Charter & Ordinances, 1872-1925, p. 527 (Zoning Ordinance of the City of Minneapolis, § 3).

for profit, the purpose of which is to train young men for competitive examinations for entrance into schools conducted by the armed services of the United States and for appointment to and service in certain of the armed services, as being in violation of the due process and equal protection clauses of U. S. Const. Amend. XIV, and of Minn. Const. art. 1, §§ 2 and 7.

The facts have been stipulated. Section 3 of the zoning ordinance in question provides that in such an area there may be erected "Private" and "Two-family" dwellings, "Public Schools," "Churches and Schools accessory thereto," and certain other buildings not here material. The proper construction of the ordinance, as the parties assumed and the trial court held, is that it excludes private schools from such residential areas. Northwestern Preparatory School, Inc., is a nonstock and nonprofit corporation, the purpose of which is "the establishment and maintenance of a school for the thorough training of young men for the competitive and entrance examinations for the United States Military Academy at West Point, the United States Naval Academy at Annapolis, the United States Coast Guard Academy and for appointment to and service in the Army, Navy, Air Corps or other services for the United States of America." It owns and operates the Northwestern Preparatory School, which is located in an area zoned as a residential one. Defendant Gerald J. Roddy is president of the corporation and in charge of the school. Admittedly, the school is an institution of learning. It is a preparatory school of a special type. The offense charged is based not upon the type of building in which the school is operated, but solely upon the use of the building as a private school.

Defendants contend that the classification in question permitting in a residential area public schools and parochial schools accessory to churches and excluding therefrom private schools is arbitrary and that, because that is true, it violates the due process and equal protection clauses of U. S. Const. Amend. XIV, and of Minn. Const. art. 1, §§ 2 and 7. The city contends that the exclusion of private schools from areas zoned as residential is based upon a reasonable

distinction between residences and schools and consequently that it constitutes a permitted exercise of the police power, and that to permit private schools of the kind here in question to locate in a residential area would permit also other privately owned colleges and schools, such as barber colleges, dancing academies, and the like, to locate there and thereby defeat the exercise by the city of the police power.

It is recognized that zoning ordinances otherwise valid may be unconstitutional as applied to particular cases. Village of Euclid v. Ambler Realty Co. 272 U. S. 365, 47 S. Ct. 114, 71 L. ed. 303, 54 A. L. R. 1016. We think this is such a case.

The Fourteenth Amendment guarantees due process and equal protection as separate rights. Anderson v. City of St. Paul, 226 Minn. 186, 32 N. W. (2d) 538. The guarantee of equal protection of the laws requires equality of application of the laws—that all similarly circumstanced shall be treated alike. George Benz Sons, Inc. v. Ericson, 227 Minn. 1, 34 N. W. (2d) 725; Anderson v. City of St. Paul, *supra*. The provisions of the zoning ordinance here involved do not apply equally to public, parochial, and privately owned schools. So far as the purposes of the ordinance are concerned, there is no difference between public and parochial schools on the one hand and private schools on the other. While ownership, some of the subjects taught, and the discipline enforced may be different in each from what they are in the others, a private school has no effect upon a residential area different from that of a public or parochial one. The distinction between the different kinds of schools, upon which the classification made in the ordinance rests, is not based upon alleged evils which it is claimed exist in the case of private schools and do not exist in the case of public or parochial schools. The distinction is based solely upon ownership. Such a distinction bears no relation to the purposes of the ordinance, and for that reason is arbitrary. The ordinance denies to private schools the rights which it accords to public and parochial schools under the same circumstances. Thereby the ordinance fails to accord to private schools the equal protection of the laws. In that

particular it is unconstitutional as denying to private schools the equal protection of the laws. See, Village of University Heights v. Cleveland Jewish Orphans' Home (6 Cir.) 20 F. (2d) 743, 54 A. L. R. 1008.

The city's arguments that other businesses which call themselves colleges and schools, but which really are not institutions of learning, also might locate in residential areas under such a rule have been answered in State v. N. W. College of Speech Arts, Inc. 193 Minn. 123, 128, 258 N. W. 1, 3, where we held that barber colleges, dancing academies, riding schools, and the like are not institutions of learning.

Since we hold that the ordinance as applied to private schools is unconstitutional as violative of the equal protection clause of the Fourteenth Amendment, it is not necessary to decide whether it is also unconstitutional upon the other grounds urged. One ground for decision is enough.

Defendants are entitled as a matter of law to an acquittal.

Reversed with directions to enter judgment acquitting defendants.