KANSAS CITY STOCKYARDS CO. OF
MAINE v. ANDERSON.

ANDERSON v. KANSAS CITY STOCK-
YARDS CO. OF MAINE.

Nos. 14561, 14563.

United States Court of Appeals
Eighth Circuit.

Oct. 17, 1952.

Roscoe C. Van Valkenburgh, Kansas City, Mo. (Bernard L. Balkin and Brenner, Van Valkenburgh & Wimmell, Kansas City, Mo., on the briefs), for Kansas City Stockyards Co. of Maine.

Harold T. Van Dyke, Kansas City, Mo. (Albert Thomson, Johnson, Davis, Thomson, Van Dyke & Fairchild, Kansas City, Mo., Karl V. Shawver, Jr., and Shawver & Shawver, Paola, Kan., on the brief), for Harry E. Anderson.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by Harry E. Anderson against the Kansas City Stockyards Company to recover damages for personal injuries. The parties will be referred to as they were designated in the trial court.

Plaintiff was employed by defendant as a mechanic in its tractor shop at Kansas City, Missouri. While so employed on November 15, 1948, he received personal injuries for which he sought to recover damages in this action. In his complaint he alleged that on or about the 15th of November, 1948, he was employed in defendant's tractor shop and in the course of his employment was ordered to repair an Oliver tractor with an attached Lessman self-loader; that the frame of said tractor had been broken, bent and sprung and plaintiff was directed to place the broken frame in line so that the broken parts could be welded together; that the frame of the tractor and loader consisted of heavy steel bars, one of which had been broken, bent and sprung; that defendant directed and demanded that plaintiff prepare the broken parts for welding and directed plaintiff to perform said task alone and unassisted and with the tools at hand; that plaintiff undertook the task assigned to him and in so doing he was seriously injured; that the injury sustained by him was directly and proximately caused by the negligence of defendant in failing to furnish him reasonable and proper tools and a sufficient number of men to assist him in performing the work required to be done. Plaintiff also alleged that defendant was negligent in having failed to furnish him with a reasonably safe place in which to work and that his injury proximately resulted from alleged negligent acts of the defendant. Defendant by its answer put in issue all allegations as to its negligence by interposing an answer in the nature of a general denial, but admitted the allegations as to diversity of citizenship and the amount involved and also admitted that it had rejected the Workmen's Compensation Law of the State of Missouri, V.A.M.S. § 287.010 et seq.

The action was tried to the court without a jury and resulted in findings of fact in favor of plaintiff. The court entered judgment based on such findings in the amount of $2,000.00. In its findings of fact the court found: (1) that in the performance of his work plaintiff was required to do the same alone; (2) that two employees were necessary to the proper performance of the work; (3) that plaintiff requested an additional employee and was denied the additional help; (4) that in performing the work plaintiff was required to assume a position on the tractor which was unsteady and dangerous; and (5) that by reason of the position plaintiff was required to assume upon the tractor, and the condition of the tractor, the same was an unsafe place in which to require plaintiff to do the work. The court made other detailed findings and found specifically that the failure to provide plaintiff with an additional employee was negligence and that as a direct result of such negligence plaintiff was caused to be thrown from the tractor and injured.

It appeared from the evidence that on November 15, 1948, a small tractor owned by defendant and equipped with a Lessman loader, had been broken. In order to be repaired the broken parts had to be pried into place and a Mr. Hart, defendant's foreman, ordered plaintiff to prepare the loader for welding. Mr. Hart testified in this connection as follows:

"I told him to repair it because they needed it. They were in a rush for everything in the line of equipment down there. Anytime anything broke down they didn't have much replacement."

Hart told plaintiff they were in a hurry for the equipment and when he got the arm back in place for welding the witness was to call a welder. Hart also testified that he considered the job a two man job, maybe more. He testified:

"I knew what would be needed * * *. I don't know of any equipment you could use, only just enough men and bars to pry it up and back in place. One man couldn't possibly have done it. I knew enough about it to know that."

Plaintiff, knowing the job was a rush job and that the equipment was needed, tried to get the parts in place for the

welder by himself. He jacked up the back part of the arm with the heavy weight on it so that it would stay as near as possible in place. He then went to the front of the equipment and tried to pry it into place using a crow bar. He then took the seat off the tractor so that he could get up above the broken arm, and attempted to pry the parts into place but his crow bar slipped and he fell, causing a hernia. There was evidence to the effect that if there had been two men to do the work one man could have pried from the rear and one from the front and both men could have stood on the ground to do the prying but when plaintiff did the prying alone it was necessary to get up on the tractor and to pry at the knuckle where there was grease. Other facts will be developed in the course of this opinion.

In seeking reversal defendant contends that: (1) there was no evidence that plaintiff was required to do the work alone; (2) that the trial court erred in finding that in performance of his work plaintiff was required to assume a position which was unsteady and dangerous and that defendant failed to furnish plaintiff with a reasonably safe place in which to work.

 There is but little, if any, conflict in the primary facts. The contentions of the parties differ as to what inferences may be drawn from the evidence. The court having found the issues in favor of the plaintiff, we must take that view of the evidence most favorable to him and the court's findings can not be set aside unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. If there were conflicts in the evidence they have been resolved in favor of the plaintiff, and if the findings are sustained by substantial evidence considered in a light most favorable to plaintiff, then they should be sustained and the inferences to be drawn from the facts and circumstances are in the first instance at least to be drawn by the trial court and not by this court. The controlling issue, as we view the record, is whether there was evidence warranting the court in finding that the plaintiff was not furnished sufficient assistance. It was the duty of the defendant not only to furnish plaintiff with sufficient and suitable tools with which to do the work required of him, but it was also the duty of defendant to furnish a sufficient number of men to do the work assigned to plaintiff. Thus in McMullen v. Missouri, K. & T. Ry. Co., 60 Mo.App. 231, it is said inter alia:

"It is the unquestionable law that it was the duty of the defendant to furnish a sufficient number of men to do the work in which plaintiff was engaged with reasonable safety to the plaintiff and his co-laborers engaged therein."

See, also: Hulsey v. Tower Grove Quarry & Construction Co., 326 Mo. 194, 30 S.W.2d 1018; Meily v. St. Louis & S. F. Ry. Co., 215 Mo., 567, 114 S.W. 1013; Bowman v. Kansas City Electric Light Co., Mo.App., 213 S.W. 161.

 Whether or not the defendant failed in this latter regard was, of course, a question of fact to be determined in this case by the court, a jury having been waived. That fact was, we think, susceptible of proof, either by direct or circumstantial evidence. Levecke v. Curtis & Co. Mfg. Co., 197 Mo.App. 262, 193 S.W. 985, 986. Plaintiff was called upon to do this work. It was, as we have observed, a hurry-up job. It was manifestly a job which, according to defendant's foreman, should not have been undertaken by one person. Plaintiff called for help which was not furnished him. His function was not to employ nor to command assistance. He had no such authority. He was directed to do this work and he was permitted to call for help but his duty was to do the work. There was urgent demand for haste and we think the circumstances were such as to warrant the court in finding, as it did, that he was required to do the work without sufficient assistance.

A somewhat similar situation was presented in the case of Levecke v. Curtis & Co. Mfg. Co., supra, where plaintiff was directed to take down, repair and replace on the wall a heavy converter. He was given two men to assist him and was told to finish the job "if it took all night". At quitting time plaintiff asked his foreman

for additional men to assist him but was told to call on the assistant engineer and another man. He then called on these men but they refused to assist and he attempted to do the work with two helpers. An accident occurred and injury resulted. There was a verdict for plaintiff and defendant appealed, contending that the evidence did not sustain the claim of negligence in failing to furnish such assistance. In the course of the opinion the court said:

"Plaintiff's duties did not impose upon him that of hiring or employing men, and it is clear that he had no authority to compel others to assist him. While in charge of this particular job under and by direction of the foreman of his department, he had no authority over men not immediately working with him.

\* \* \* \* \* \*

"As in the matter of 'appliances,' the employer cannot shift his duty to provide reasonably safe ones, so he cannot shift his duty to furnish a reasonable number of men. Then again, plaintiff was under imperative orders to complete this particular piece of work if it took all night. While knowing that there was some risk in attempting it with the two men he had at his disposal, the risk was not so apparent or obvious as to justify plaintiff in neglecting or refusing to do it and so run the chance of being discharged for failure to obey orders. There was no risk present sufficient to warn any ordinarily prudent man of its danger in undertaking it with the force left at his disposal, not to warrant him in refusing to obey the imperative order to finish it, 'even if it took all night.' Plaintiff may well have thought, as an ordinarily prudent man, and under stress of this command, as he apparently did, that he and the two men who were at his disposal, with proper care could do the work, and so he testified."

The question of defendant's liability must, of course, be determined under the law of Missouri. The Missouri law makes it incumbent upon the employer to exercise ordinary care not only to furnish his employees with a reasonably safe place in which to work but also to furnish a sufficient number of men to do the work with reasonable safety. Here it may be said that the defendant, through its foreman, directed plaintiff to do work which it knew could not reasonably be performed by one man. It told him that he might call for help and this he did but the defendant failed to furnish him additional help which it was its duty to do. Then, and not until then, did the plaintiff undertake to do the work alone because of the urgency for having it promptly done.

It is urged that plaintiff voluntarily undertook to do the work alone and for that reason should be precluded from recovery. This is tantamount to a claim that he assumed the risk but this defense is not available to defendant because it, by electing not to be governed by the Missouri Workmen's Compensation Act, could not avail itself of the defenses of contributory negligence, assumption of risk, nor the fellow-servant rule. Section 287.080, R.S. Missouri 1949, V.A.M.S.

With knowledge that plaintiff should have had assistance, defendant on request failed to furnish it and this, we think, was substantial evidence of negligence, rendering defendant liable notwithstanding the fact that plaintiff may have voluntarily undertaken to perform the work without additional assistance.

Having reached the conclusion that the finding of the court that defendant negligently failed to furnish plaintiff adequate assistance to perform the task assigned to him is sustained by substantial evidence, we pretermit consideration of the contention that defendant was guilty of negligence in having failed to furnish plaintiff with a reasonably safe place in which to work.

Plaintiff by cross-appeal asks for a limited reversal of the judgment so that a new trial may be ordered on the question of damages alone. This question was presented to the trial court only by motion for new trial on the ground of inadequacy of damages. The appeal is from the judgment while the motion for new trial on behalf of plaintiff was not interposed nor acted upon until after the judgment had been entered.

This court will not review the action of the trial court in granting or denying a motion for new trial for alleged error of fact. Such a motion is addressed to the discretion of the trial court. Paf Mfg. Co. v. R. L. Polk Co., 8 Cir., 72 F.2d 33; Fairmount Glass Wks. v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Noland v. Buffalo Ins. Co., 8 Cir., 181 F.2d 735.

The damages in this case were unliquidated. They could not be determined by reference to any written instrument binding upon the parties nor by any rule that would definitely determine their amount. However, we have carefully examined the evidence bearing upon the question of damages and are of the view that it abundantly sustains the court's finding on that question.

The judgment appealed from is therefore affirmed both on defendant's appeal and on plaintiff's cross-appeal.