Gabriel URNSTEIN and Goldye Urnstein, d/b/a Sherwood Day School Plaintiffs-Respondents,

v.

VILLAGE OF TOWN AND COUNTRY, a Municipal Corporation, James A. McCollum, Joseph Leopold, Russell J. Gittens, Grindon E. Leslie, S. D. Fisher, Arthur E. Jones, Defendants-Appellants.

No. 49727.

Supreme Court of Missouri,

Division No. 2.

May 13, 1963.

Motion for Rehearing or for Transfer to Court En Banc Denied June 4, 1963.

Carroll J. Donohue, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, for defendants-appellants.

Erwin Tzinberg, Albert A. Michenfelder, Jr., Ziercher, Tzinberg, Human & Michenfelder, Clayton, for plaintiffs-respondents.

BARRETT, Commissioner.

The Village of Town and Country, its board of trustees and its building commissioner appeal from a declaratory judgment decree which adjudges unconstitutional, as applied to the plaintiffs and their private school, a part of the village's comprehensive zoning ordinance. The village contends, of course, that it was authorized to adopt the ordinance, that it had authority to zone and restrict private schools, that its ordinance was reasonable and that the court erroneously declared it unconstitutional. On the other hand, the respondent owners contend that private and public schools may not be distinguished, that an ordinance prohibiting or restricting private schools bears no relation to public safety or general welfare and is therefore arbitrary, unreasonable and unconstitutional.

The most important factor upon this particular appeal is the fact that the cause was tried and submitted upon a very brief agreed statement of facts and "stipulation of issues" to be decided. In summary these are the stipulated facts: Gabriel and Goldye Urnstein own a tract of land, 14.845 acres, in Village of Town and Country, and "in buildings situated on the property" are "co-partners doing business as Sherwood Day School, a private school with academic classes at the present time from first grade through twelfth grade." The private school is "conducted by plaintiffs for profit purposes" and they have operated it "on a portion of the above premises since 1945." The Village of Town and Country was incorporated in January 1950, and in February 1951 adopted its comprehensive zoning ordinance number 50 and the plaintiffs' property is in a "Zone 'A' Residential District." On July 15, 1954, the then village building commissioner issued the plaintiffs

a permit for "a two-room addition to a building" on the property. June 1, 1961, plaintiffs filed an application for a permit "to erect an additional school building" and that application was denied on the ground that the "use contemplated by the application for a building permit was in violation of the terms" of the zoning ordinance.

There was no appeal to the village board of adjustment and upon denial of the building permit plaintiffs filed this action. Furthermore, as stated, in addition to their stipulation of facts, the parties agreed and stipulated, so far as relevant here, "that the following are the issues in this cause: 1. The constitutionality of subparagraph 3 of Section 2, Article III of Ordinance No. 50, permitting only public schools, elementary and high, within Zone 'A' Residential District, and the determination as to whether said permitted use legally prohibits the location of a private school, operated for profit, within said Zone 'A' Residential District."

This is not to criticize or discourage the trial of cases on agreed facts or stipulated issues, but in this instance the fact has had the necessary effect of strictly limiting the issues and the scope of this court's review and decision. There is some risk of encumbering this opinion with a long list of cases, but upon this particular record the discrimination in cases serves not only to distinguish them either on principle or on their facts but also points up the limited question involved and at the same time indicates in part the reasons for the court's conclusion and final disposition of the appeal. While this action originated in an application to the building commissioner for a permit "to build a four-room addition to said building," the application and its purposes have now been ignored or forgotten. The immediate consequence of leaving out of consideration the application is that the court is not now concerned with and is not reviewing the propriety of the building commissioner's denial of the building permit. State ex rel. Kaegel v. Holekamp, (Mo.App.) 151 S.W.2d 685; Fleming v. Moore Bros. Real-

ty Co., 363 Mo. 305, 251 S.W.2d 8; Lumpkin v. Township Committee of Bernards, 134 N.J.L. 428, 48 A.2d 798. Furthermore, the extension or changing of a nonconforming use is not a problem. Women's Christian Association of Kansas City v. Brown, 354 Mo. 700, 190 S.W.2d 900; Annotation 9 A.L.R.2d 1039; 42 A.L.R.2d 1146. Nor, in this connection, is the appeal concerned with a building ordinance regulating the subsequent alteration, enlargement or extension of an existing building. Annotation 64 A.L.R. 920. Ordinarily, when the constitutionality of a zoning ordinance has been involved, there has been an elaborate record and every fact relevant to zoning in general and to the particular land and its use has been in evidence and subject to review as "each case must be ruled on its particular facts." Glencoe Lime & Cement Co. v. St. Louis, 341 Mo. 689, 694, 108 S.W. 2d 143, 145. See for example Flora Realty & Investment Co. v. City of Ladue, 362 Mo. 1025, 246 S.W.2d 771.

Then there are the purposeful differences in the statutes and ordinances involved in the various cases, a distinction the parties have not carefully observed. It is not necessary to review the statutes authorizing cities to zone (V.A.M.S. Secs. 89.020–89.140) and indicate their purpose or to consider the fundamentals of zoning. It is sufficient to say that zoning is a legislative function and that towns are authorized subject to certain limitations to regulate the use of property and may exclude all business operations from residentially zoned areas. Ryan v. City of Warrensburg, 342 Mo. 761, 117 S.W.2d 303; Downing v. City of Joplin, (Mo.) 312 S.W.2d 81. In any event, ordinance number 50 is a comprehensive zoning ordinance and in so far as applicable here by Article III establishes "Zone 'A' Residential—Single Family— Dwelling District Regulations." Specifically, section 2 provides that in this zone:

"A building or premises shall be used only for the following purposes:

"1. Single family dwellings.

"2. Churches.

"3. Public schools, elementary and high.

\* \* \* \* \* \*

"5. Accessory buildings and uses customarily incident to the above uses, \* \* \*."

■ Regardless of the fact that the ordinance permits churches, it has been settled in this jurisdiction that churches, as with public schools, may not be excluded from a residential area on that basis alone. Congregation Temple Israel v. City of Creve Coeur, (Mo.) 320 S.W.2d 451. Since both parties rely on this case it must be pointed out that the opinion was confined to churches, the court explicitly pointed out that "private schools" along with other institutions were "reserved for decision when and if presented in future cases." At this point it should be interpolated, perhaps, that in connection with the location of public schools the statutes have endowed school districts with the power of eminent domain, (V.A.M.S. Secs. 165.100, 165.370) if not incidentally with some of the attributes of sovereignty, and that power and authority have not been subordinated or made subservient to the cities' right to zone. State ex rel. St. Louis Union Trust Co. v. Ferris (Mo.) 304 S.W.2d 896. While, as indicated, churches may not be excluded, this case is not concerned with an attempt to establish a parochial school as an adjunct to a church. Tustin Heights Association v. Board of Supervisors, 170 Cal.App.2d 619, 339 P.2d 914. Despite the fact that certain authoritative texts and some cases refuse to recognize the fact, there are several important distinctions in public schools and parochial schools (sometimes the latter are treated as "private schools"). See for example State ex rel. Wisconsin Lutheran High School Conference v. Sinar, 267 Wis. 91, 65 N.W. 2d 43; Great Neck Community School v. Dick, Sup., 140 N.Y.S.2d 221; and the dissenting opinion in Roman Catholic Welfare

Corp. v. City of Piedmont, 45 Cal.2d 325, 289 P.2d 438. Compare on this particular point 1 Rathkopf, Zoning, Ch. 18; 11 Miami L.Q. 68; Annotation 36 A.L.R.2d 653, 660; Catholic Bishop of Chicago v. Kingery, 371 Ill. 257, 20 N.E.2d 583; Diocese of Rochester v. Planning Board of Town of Brighton, 1 N.Y.2d 508, 154 N.Y.S.2d 849, 136 N.E.2d 827. In State ex rel. St. Louis Union Trust Co. v. Ferris, (Mo.) 304 S.W.2d 896, (condemnation for a public school was involved) the ordinance "by means of restrictive provisions" excluded "the erection of any schoolhouse." There, in considering Chapter 89 R.S.Mo.1959 (zoning) and Chapter 165 R.S.Mo.1959 (authorizing school districts to locate schools), the court pointed out that public school districts are invested with some of the attributes of sovereignty. The court said, "The selection, location, procurement of a site through condemnation and operation of a public school is a governmental and not a proprietary function." Because of the differences and distinctions in public and parochial schools the parochial school cases are not considered in this opinion.

Having made these distinctions perhaps it is well to continue and note these further differentiating factors. This appeal is not concerned with the problem of whether the plaintiffs' institution is a "school" as that term is employed in either a statute or an ordinance. In Langbein v. Board of Zoning Appeals of Town of Milford, 135 Conn. 575, 67 A.2d 5, the question was whether a "summer day school" was a school within the meaning of an ordinance permitting "schools" in a class "A" residential area. See also City of Miami Beach v. State ex rel. Lear, 128 Fla. 750, 175 So. 537, "a school for minors," Livingston v. Davis, 243 Iowa 21, 50 N.W.2d 592, 27 A.L.R.2d 1237, whether a "private preschool or nursery" was permitted as a "private elementary school to age 14," and, finally, Wiltwyck School for Boys, Inc. v. Hill, 14 A.D.2d 198, 219 N.Y.S.2d 161, in which it was held that plaintiff's primary purpose was the "re-

habilitation of delinquent or maladjusted boys" and therefore did not qualify as a "school." The fact that one text devotes an entire chapter to forty-six separate subjects, from amusement parks to undertakers, of zoning classification is some indication of the increasing complexity of the problem. 2 Yokley, Zoning Law & Practice, Ch. XVIII, and see the annotation, 36 A.L.R.2d 653, "zoning regulations as applied to schools, colleges, universities, and the like."

These are some of the distinguishing factors and having thus attempted to negatively delimit the issues it is necessary to consider the positive factors and the very limited facts of this record. As the court said of a claim that certain "restrictions" in a zoning ordinance were invalid, "The issue is not brought 'to exact focus.' * * * Appellant cannot challenge the validity of Section 8 of the ordinance on hypothetical grounds." Flora Realty & Investment Co. v. City of Ladue, 362 Mo. l. c. 1042, 246 S.W. 2d l. c. 780. In the first place, while the general object of zoning is the promotion of the general welfare (Downing v. City of Joplin, supra), as to class "A" residential districts "Its ultimate purpose is to confine certain classes of buildings and uses to certain localities." Langbein v. Board of Zoning Appeals of Town of Milford, 135 Conn. l. c. 580, 67 A.2d l. c. 7. And despite the indicated tendency to generalize as far as schools are concerned, "The validity of a regulation which had the effect of excluding a particular type of school from a residential district has been sustained." 36 A.L.R.2d l. c. 655. All this is to point out, as the court did in the Congregation Temple Israel case, that the opinion in this case is to be strictly confined to this record and the stipulated issue, as to all other institutions including all other types of schools, —"these questions are reserved for decision when and if presented in future cases.". (320 S.W.2d l. c. 457).

The plaintiffs' private school was not established after the enactment of the comprehensive zoning ordinance (City of Flor-ence v. Turbeville, 239 S.C. 126, 121 S.E.2d 437, 85 A.L.R.2d 1143), and an existing ordinance was not amended to exclude or restrict an existing school. Phillips v. City of Homewood, 255 Ala. 180, 50 So.2d 267. Here the plaintiffs' private school for profit "with academic classes * * * from first grade through twelfth" has been in existence and operated on "a portion" of the 14.845 acres since 1945. The Village of Town and Country was not incorporated until five years later and its zoning ordinance was not adopted until February 1951. And, although not mentioned by the parties and while not an issue, Section 1, Article V of the ordinance provides that "The lawful use of a building existing at the time of the effective date of this ordinance may be continued, although such use does not conform to the provisions hereof." From this record all that is known of this school is that it is a private school for profit, grades one to twelve, and is conducted in buildings on this property. The plaintiffs own the property and operate the school as "co-partners" for profit.

There is no information in this record as to the Village of Town and Country other than the fact that it was incorporated in 1950 and passed this ordinance in 1951. There is no information as to the exact location, nature or extent of the buildings in which the school is conducted, all that is known in this regard is that in 1954 a permit was issued for a "two-room addition to a building." Other than grades one to twelve there is no information as to the school's standards, its curriculum, its faculty, its supervision and whether it meets the requirements of the public school laws of Missouri. Yanow v. Seven Oaks Park, Inc., 11 N.J. 341, 94 A.2d 482, 36 A.L.R.2d 639, 1 Rathkopf, Law of Zoning, Sec. 3. The school and the land are owned by husband and wife as a partnership and there is no evidence as to the school's future in the event of a dissolution from any cause of the partnership. In short, there are no surrounding circumstances to accompany the stipulated facts

The fact that Sherwood Day School is operated "for profit purposes" is not a determinative factor and yet its profit motive and its finances should be relevant circumstances. Livingston v. Davis, supra; Incorporated Village of Brookville v. Paulgene Realty Co., 24 Misc.2d 790, 200 N.Y.S. 2d 126. As indicated, there are numerous distinctions in public and private schools, including the fact that they often serve different interests and purposes (State ex rel. Wisconsin Lutheran High School Conference v. Sinar, supra) and perhaps, undeniably, a private school for profit infringes upon the general scheme of residential zoning. City of Florence v. Turbeville, supra. According to the stipulation of the parties the only issue here is whether "said permitted use" (public schools elementary and high) "legally prohibits the location of a private school, operated for profit" in a Zone A residential district. In the limited circumstances of this record, particularly in view of the facts set forth in the second paragraph above, there is an insufficient relation in the stipulated facts and the general welfare and as applied to these plaintiffs and this school the ordinance is arbitrary and unreasonable and, as the trial court held, therefore unconstitutional. As indicated, particular types of schools may be excluded from a residentially zoned area, "However, in most of the cases where the ordinance had the effect of excluding all types of schools, or a particular type of school, from a district, it has been held invalid on the ground that it was arbitrary and discriminatory, having no reasonable relation to the public health, morals, safety, or welfare, or specifically that it violated the due process clause." 36 A.L.R.2d 1. c. 655–656. Despite the differences in the statutes, the ordinances and even the facts, this view of the ordinance as applied to this school and the stipulated facts is supported by the fundamental principle found in the following authorities: State v. Northwestern Preparatory School, 228 Minn. 363, 37 N.W.2d 370; Longbein v. Board of Zoning Appeals, supra; City of Miami Beach v. State ex rel. Lear, supra; Livingston v.

Davis, supra; 1 Rathkopf, Law of Zoning & Planning, Ch. 18, Sec. 3, 18–27. Accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.